Consolidated Machinery and Wrecking Company, Respondent, *v.* Harper Machinery Company and William O. Burton, Appellants.

First Department, January 16, 1920.

Partnership — joint adventure — when action at law to recover share of profits cannot be maintained — failure to prove account stated as basis for legal action — when remedy is in equity for accounting — complaint dismissed.

Where parties have entered upon a joint adventure an action at law cannot be maintained to recover a share of the profits by one of the parties against the other unless there has been an accounting, a balance struck and an express promise to pay.

Evidence in an action at law brought to recover a portion of the profits of a joint adventure involving the purchase and sale of hoisting cranes examined, and *held,* not to indicate that there had been an accounting, or balance struck between the parties, or any promise to pay any sum by one of the parties to the other, but that on the contrary the evidence offered on that issue merely showed that there was an agreement to relieve the plaintiff from all responsibility of the erection of the cranes and to make an allowance to the defendants for the cost of erecting the same and that said agreement did not terminate the joint adventure.

Under the circumstances the plaintiff's remedy was a suit in equity for an accounting.

The rule that an account stated can only be attacked for fraud, mistake or manifest error does not apply in a case where the existence of the account stated is denied.

*Held,* that evidence offered by the defendants and erroneously excluded was not offered for the purpose of impeaching the account, but as tending to disprove the plaintiff's claim that an account had been stated.

As the plaintiff failed to prove its case at law there should not be a new trial but the complaint should be dismissed.

Smith, J., dissents in part, with opinion.

Appeal by the defendants, Harper Machinery Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of February, 1919, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 10th day of February, 1919,

First Department, January, 1920.    .    [Vol. 190.

denying defendants' motion for a new trial made upon the minutes.

*Alvin T. Sapinsky* of counsel [*William Travers Jerome* and *Isidor J. Kresel* with him on the brief], *Joseph & Alvin T. Sapinsky*, attorneys, for the appellants.

*Jerome A. Strauss* of counsel [*Max D. Steuer* with him on the brief], *William Solomon*, attorney, for the respondent.

Page, J.:

The facts are substantially stated in the opinion of Mr. Justice Smith. The parties having entered upon a joint adventure, an action at law cannot be maintained to recover a share of the profits by one of the parties against the other unless there has been an accounting, a balance struck and an express promise to pay. The theory of the plaintiff's case is that an account became stated between the parties by the execution of the agreement of May 8, 1918, and that plaintiff thereby became entitled to receive as its share of the profits of the joint enterprise the sum of $10,000. The object of the joint adventure was the purchase and sale of two large cranes. A contract was made, dated May 4, 1918, with the Brooklyn Edison Company for the sale, delivery and erection of these cranes (which are referred to in the contract as coal bridges) for $82,200, payable $50,000 on the signing of the contract, and $16,100 when the first coal bridge was ready to operate, and $16,100 when the second coal bridge was ready to operate. In the negotiations preceding the execution of the contract $35,000 apiece was specified as the price of the cranes, and $12,200 for the expense of erecting them. On the signing of this agreement the $50,000 was paid. On May 8, 1918, an agreement was entered into between the Harper Machinery Company and W. O. Burton, parties of the first part, and the Consolidated Machinery and Wrecking Company, party of the second part, as follows:

" Parties of the first part agree to relieve the parties of the second part from all responsibility of erection of two (2) coal bridges which we own jointly by all the parties, and for which a sale has today been consummated by the Brooklyn Edison Company. The parties of the first part are to be allowed the

sum of Twelve thousand two hundred ($12,200.00) dollars from the contract for delivery, erection and insurance in transit of these cranes. The parties of the second part agree that from the next payment to be made on account of these cranes, which is to be Sixteen thousand one hundred ($16,100.00) dollars, the parties of the first part retain Six thousand one hundred ($6,100.00) dollars as their share for the erection, transportation and insurance, and the parties of the second part agree that on the final payment that the same allowance be made. The parties of the first part and the parties of the second part herewith agree that the divisions of the balance of these two further payments which will be Ten thousand ($10,000.00) dollars each is to be divided 50% to the parties of the first part and 50% to the parties of the second part."

There is nothing in the terms of this agreement that indicates that there has been any accounting between the parties or that any balance had been struck, nor is there any promise to pay any sum by one of the parties to the other. It shows upon its face that it was executed on the same day that the contract of sale to the Brooklyn Edison Company was "consummated," and all that it purports to accomplish is to relieve the plaintiff from all responsibility of the erection of the cranes, and the allowance to the defendants of the $12,200 which had been added to the price of the cranes for that purpose. The remaining payments, after the deduction of the cost price of erection, were to be divided in the proportion provided in the original agreement of joint adventure. This in terms provided that the division of the profits should be made after deducting all necessary and agreed upon expenses pertaining to the sale, transfer or disposal otherwise of the cranes. There is no mention in this paper of any accounting of either party for expenses that they may have paid out in the business of the joint adventure, nor is provision made for any liabilities that may have been incurred. It was not made at the termination of the joint adventure. There remained things to be done before the final payments were due. If this instrument was intended as an acknowledgment of an obligation to pay a balance due after the statement of an account, that intention would have to appear from facts extraneous the instrument. In order to establish its cause of action upon an account

stated, the plaintiff would have to show that there was an accounting (*Woodriff* v. *Hunter*, 65 App. Div. 404, 412) that embraced all the partnership transactions; that the debits and credits were produced and a balance struck, with the assent of all the partners (*Volkening* v. *De Graaf*, 81 N. Y. 268, 270); and that this instrument was intended as a promise to pay such balance. Not alone did the plaintiff not show these facts, but all evidence tending to show the surrounding circumstances and subsequent acts of the parties was excluded on its objection. Two facts did appear which tend to disprove plaintiff's claim that an account was stated. It appeared in plaintiff's case that the joint adventurers were liable to pay a brokerage fee, and no evidence was produced to show that it had been paid. The plaintiff also alleged as a second cause of action that certain disbursements were made by it, some of which were made prior to the alleged statement of the account. Although the cause of action was withdrawn, the pleading was before the court, and the defendant proved that plaintiff had rendered an account of these expenses to the defendant prior to the commencement of the action and subsequent to May 8, 1918, the date of the instrument.

The plaintiff failed to prove that there was an account stated, and such evidence as was permitted to be given tended to disprove plaintiff's contention. The plaintiff's remedy is a suit in equity for an accounting. The rule that an account stated can only be attacked for fraud, mistake or manifest error does not apply in a case where the existence of the account stated is denied. The complaint alleged and the answer denied that an account was stated. The evidence offered by the defendant and erroneously excluded was not offered for the purpose of impeaching the account but as tending to disprove the plaintiff's claim that an account had been stated. There should not be a new trial. The plaintiff failed to prove its case, and the complaint should be dismissed.

The judgment and order should be reversed, with costs to the appellant, and judgment directed for the defendants dismissing the complaint, with costs.

CLARKE, P. J., LAUGHLIN and PHILBIN, JJ., concur; SMITH, J., dissents as to dismissal of complaint.

SMITH, J. (dissenting in part):

The parties to this action entered upon a joint adventure in relation to a single transaction. Their agreement was to purchase two cranes that were offered for sale by the government, and to sell the same and to divide the net profits, fifty per cent to the plaintiff and twenty-five per cent to each of the defendants. These cranes were afterwards sold to the Edison Electric Company by a contract which provided not only for their purchase, but for the erection complete at the plant of the Edison Electric Company. For this the Edison Electric Company was to pay to the joint adventurers $82,200. After the making of this agreement with the Edison Electric Company there was $50,000 paid. This $50,000 was divided between the parties, the commissions first having been deducted, the plaintiff receiving fifty per cent and the defendants each receiving twenty-five per cent of the net amount. Thereafter the joint adventurers made a written agreement between themselves, wherein it was provided that the defendants were to remove the cranes and erect them at the Edison plant and from the remaining $32,000 unpaid $12,200 was to be paid to the defendants and the balance, being $20,000, was to be divided, fifty per cent to the plaintiff and twenty-five per cent to each of the defendants. In this contract no provision was made for any further deduction for expenses than had been made upon the payment of the $50,000. The plaintiff has sued upon this contract, having shown that the defendants received the full amount of $32,200. The defendants in their answer allege that there has been no accounting between the parties and that there are certain expenses incurred by the defendants which should first be deducted from the $20,000, and that the plaintiff was not to receive fifty per cent of the $20,000 as was explicitly provided in this second contract between the parties, but was only to receive fifty per cent of such an amount after the deduction of the expenses. Under its answer the defendants sought to prove various expenses incurred both for commissions and for the supplying of parts which were found to be missing when they came to erect the cranes upon the plaintiff's property and to prove conversations between the parties in reference to those expenses. The trial court held that the second contract between the parties controlled and as long as

under that contract the defendants agreed in explicit terms that the plaintiff was to receive fifty per cent of the $20,000, that should be paid upon the final completion of the work, that the defendants were bound by the terms of the contract and could not show that any deduction should be made therefrom by reason of expenses incurred. The trial judge thereupon directed a verdict for the plaintiff.

The difference in the conclusions reached by Mr. Justice Page and myself is solely as to the question whether the complaint should be dismissed or as to whether there should be a new trial. His position as I read it is that because this was in relation to a partnership matter, plaintiff cannot bring this legal action against the defendants, but must proceed for a dissolution and an accounting. My position is that this was a partnership in relation to a single transaction — the purchase and sale of some cranes which were offered for sale by the government; that a specified price was to be paid for these cranes when erected; that the agreement upon which suit is here brought is an agreement as to the final distribution of the moneys that remained to be paid for the cranes from the Brooklyn Edison Company and constitutes *prima facie* an account stated of the partnership transactions. At the time of the execution of the instrument in suit some moneys had already been paid to these parties and had been divided between them after the deduction of certain expenses. This agreement provides that the erection of these cranes for the Edison Company shall be done by two of the partners, for which they were to be allowed a certain sum from the moneys remaining unpaid. After the payment of this certain sum all the balance of the moneys due upon the sale of these cranes shall be divided, fifty per cent to the plaintiff and fifty per cent to the defendants. This paper, therefore, constitutes *prima facie* an account stated between these partners as to the single transaction which was the matter of the partnership account, and an action at law may, therefore, be brought thereupon.

In Lindley on Partnership (8th Eng. ed. p. 591) it is stated: " To an action for account of partnership dealings and transactions an account thereof already stated and settled between the parties affords a good defense." This is only a reiteration of the accepted proposition that the parties may settle between

themselves without going to court, and if the amount due be put in the form of a written contract, a suit at law may be brought thereupon.   The fact that the trial judge granted the motion of the plaintiff for a directed verdict, after a motion had been made by the defendant for a directed verdict without request to go to the jury upon any question of fact, is a determination by him of the question of fact that an account has here been stated.   The items of an account need not be gone over in detail.   They may be " jumped " and an amount due agreed upon.   How then upon that determination we can hold, as a matter of law, this did not represent an account stated and dismiss the complaint, I am unable to see.   It is true that the defendants may show that it was not in fact an account stated, that is, that there were errors of fact and law in the failure to provide therein for the payment of further expenses which is claimed by the defendants should first come out of these moneys paid by the Edison Company before distribution.   Evidence was offered to prove this contention, but was rejected.   We think this evidence should have been admitted and the defendants should have been allowed to show that there was error of fact which vitiated this paper as an account stated, and for the rejection of this evidence I think there should be a new trial.

Judgment and order reversed, with costs, and complaint dismissed, with costs.