THOMAS A. PARETTA, Doing Business under the Name of THOMAS A. PARETTA Co., Appellant, v. WHITE ACRES REALTY CORP. et al., Respondents.— In this action by a general contractor to foreclose a mechanic's lien, plaintiff appeals from a judgment which, among other things (1) dismissed his complaint; (2) cancelled the notices of lien filed by him; and (3) awarded money damages against him and in favor of each of the subcontractors, respondents Gillman-Rous-Pesce Corp. and Sal Maffetore, in the respective amounts of $2,643.42 and $907, with interest, upon their respective counterclaims. Judgment modified on the law and the facts by striking therefrom the first, second, sixth, eighth and ninth ordering paragraphs, and the matter is remitted to the Special Term for the making and entry of a judgment not inconsistent with the views hereinafter set forth. As so modified the judgment is unanimously affirmed, with costs to appellant against respondents White Acres Realty Corp. and Gillman-Rous-Pesce Corp. Findings of fact of the Official Referee inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the evidence established that appellant substantially performed his contract, except for certain items, by reason of which the owner, White Acres Realty Corp., should be allowed credit. The total contract price, exclusive of extras, was $74,976, and the total of the sums due plaintiff on account of written extra orders was $11,814.63. To this should be added the undisputed items of $185.62 for the fire insurance premium and $282 for additional electric outlets, which items are referred to in the initial contract. The result is the sum of $87,258.25. Undisputedly, the owner has paid appellant a total of $80,704.49, and appellant has given the owner certain credits in the respective amounts of $500 and $140.05; and at the trial appellant conceded the further credits of $46.20 and $22.65. The total of the payments and credits thus is $81,413.39. Deducting this sum from the above figure of $87,258.25, we find appellant to be entitled to the sum of $5,844.86, subject to further reduction by reason of the items which constitute the exceptions to appellant's substantial performance. These items are $300 for failure to cover heating mains and branches in the cellar; $500 for substitution of certain piping for galvanized wrought iron piping; $63.32 for substitution with respect to seven water closets; $10 with respect to the boiler pit; $10 on account of boiler leakage; $527 with respect to the opening connecting the two buildings on the second floor; $363 for the floor of the cellar, which is exclusive of any damage on account of the thickness of the floor; and $530 for substitution of stucco for brick. Deducting the total of these items, $2,308.32, from the above sum of $5,844.86, we find that the amount to which appellant is entitled from the owner is $3,536.54. Appellant should have judgment of foreclosure of his lien to the extent of that amount, plus appropriate interest. Further, the first five of the excepted items, which total $883.32, are chargeable ultimately against the plumbing subcontractor, Gillman-Rous-Pesce Corp., and, therefore, the amount of the latter's recovery against appellant should be reduced accordingly, from $2,643.42 to $1,755.10, to which should be added appropriate interest. Since neither the plumbing subcontractor nor the owner have appealed, the provisions in the judgment with respect to said subcontrac-

tor's lien and his recovery against the owner may not be disturbed. The provision for recovery by Maffetore against appellant should also remain undisturbed. Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ. [See 281 App. Div. 691, 697, 753.]