■ RITCHIE CONSTRUCTION CO., INC., Respondent, v. MAX E. HOFFMAN, Appellant, and WOOD SANITATION CO., INC., et al., Respondents, et al., Defendants.— In an action by a general contractor to foreclose a mechanic's lien on certain real property, in which certain subcontractors counterclaimed for foreclosure of their respective mechanics' liens, Max E. Hoffman, the owner of the property, counterclaimed to recover damages from the general contractor for breach of contract. The owner appeals from so much of a judgment entered after trial before an Official Referee as granted foreclosure and dismissed his affirmative defense and counterclaim. Judgment modified on the law and the facts (1) by striking subdivision (1) from the first decretal paragraph, (2) by striking subdivision (a) from the third decretal paragraph, and (3) by striking the letter " (a) " from the fourth and fifth decretal paragraphs and substituting therefor the letter " (b) ". As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The Official Referee found that 90% of the work had been completed on December 7, 1956, when the owner discharged the general contractor. It appears that after December 7, 1956 the owner paid some of the subcontractors amounts included in that 90%, which payments total almost the amount of the general contractor's recovery, and for which payments the owner was not given credit. In addition, the owner was not given credit as against the general contractor for $1,477 for completing, and repairing cracks in, a concrete swimming pool, which credit the Official Referee found should have been received by the owner and which was in fact deducted from the lien of the subcontractor who installed the pool. The payments by the owner after December 7, 1956, above referred to, and the credit for $1,477 deprive the general contractor of any right to recover any money from the owner. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ CAROL SMITH, Appellant, v. PETER KELLY et al., Respondents.— In an action to recover damages for personal injuries, the appeal is (1) from an order entered August 21, 1958, granting a motion to set aside a verdict in favor of appellant, and (2) from a resettled order entered October 30, 1958, granting the motion to set aside the verdict because of a juror's misconduct during the trial. Order entered October 30, 1958 unanimously affirmed, without costs. No opinion. Appeal from order entered August 21, 1958 dismissed, without costs (*Matter of Lee*, 6 A D 2d 897). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

<hr>

## (April 27, 1959)

■ In the Matter of HERMAN HASSAN, Petitioner. BROOKLYN BAR ASSOCIATION, Respondent.— Motion by petitioner for leave to withdraw his resignation from the Bar and to vacate the order striking his name from the roll of attorneys and, in the alternative, to refer the matter to an Official Referee or to the Character Committee. Motion denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ BATSON FARM AGENCY, INC., et al., Respondents, v. M. MAL DEITCH, Appellant.— In an action to recover a balance alleged to be on account of a brokerage commission, the appeal is from an order opening respondents' default in filing a statement of readiness (see Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957, as amd.) and restoring the case to the calendar for trial. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.