■ STRATFORD MATERIALS CORP., Respondent-Appellant, v FRANK R. JONES, as Deputy County Executive of the County of Suffolk, et al., Appellants-Respondents.—In an action to recover damages for tortious interference with contract rights, the parties cross-appeal from an order of the Supreme Court, Suffolk County (Stark, J.), dated May 2, 1984, which denied

the plaintiff's motion for summary judgment and the defendants' cross motion for summary judgment.

Order modified, on the law, by deleting therefrom the provision denying the defendants' cross motion for summary judgment, and substituting therefor a provision granting that cross motion, and dismissing the complaint. As so modified, order affirmed, with costs to the defendants.

The plaintiff alleges that the defendants Deputy County Executive of Suffolk County and the Deputy Commissioner of the Department of Public Works of Suffolk County intentionally interfered with its contracts to supply cast-iron manhole covers and frames to several contractors engaged to perform work for the Suffolk County Department of Environmental Control (SCDEC). However, specification G24 of the contract between the SCDEC and the contractors provided, *inter alia,* that those contractors were not to "sublet" any portion of the contract without prior written approval from the SCDEC, and the record is devoid of proof that any of those contractors for whom the plaintiff was to supply the manhole covers had received the necessary written approval from the SCDEC. Consequently, the plaintiff has not demonstrated that it had, in the first instance, any valid contract, which is the most important element of a cause of action to recover damages for tortious interference with contract rights *(see, e.g., Long Is. Pen Corp. v Shatsky Metal Stamping Co.,* 94 AD2d 788, 789). The defendants were, therefore, entitled to summary judgment. In fact, we note that it appears that three of the four purported contracts were entered into *after* the contractors had been notified that the plaintiff was not an acceptable supplier.

We note further that a defendant will be liable for tortious interference with contract rights only in those cases where the interference is improper and without reasonable justification *(see, e.g., Campbell v Gates,* 236 NY 457, 460; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; Restatement [Second] of Torts § 767). Whether reasonable justification to interfere with the contract rights of another exists depends upon the nature of the rights interfered with, the relationship between the defendant and the parties to the contract, the interest which the defendant seeks to protect and the social interests involved *(see,* Restatement [Second] of Torts § 767; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, *supra; Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682; *Beardsley v Kilmer,* 236 NY 80, 90). Thus, it has been held that a defendant will not be liable for tortious interference with contract

rights where the defendant's rights are equal to those of the plaintiff, the interference is by lawful means, and is not committed solely for the purpose of injuring the plaintiff (see, e.g., Restatement [Second] of Torts § 767; Guard-Life Corp. v Parker Hardware Mfg. Corp., supra, at p 190; Morse v Swank, Inc., 493 F Supp 110, 116).

In the instant case, even if it were determined that there was a valid contract and the defendants had interfered with the plaintiff's contract rights, such interference would not have been improper under the circumstances of this case. The defendants were the motivating force behind the primary contracts, i.e., those between the contractors and the SCDEC, and the interests which they sought to protect were those of the public, in seeing that the construction in question was safely and properly done. Further, no unlawful means were employed by the defendants, nor is there evidence that the defendants acted solely to harm the plaintiff. Therefore, the acts which allegedly constituted tortious interference with contract rights were not improper, but were reasonably justified, and summary judgment in the defendants' favor should have been granted. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.