■ ROBERT SILVERMAN, Respondent, v BRUCE CAPLIN et al., Appellants.—In an action, inter alia, to recover damages for breach of contract and tortious interference with contract, (1) the defendant Amy Caplin appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 22, 1988, as denied her cross motion for summary judgment dismissing the complaint insofar as it is asserted against her, and (2) the defendant Bruce Caplin appeals, as limited by his brief, from so much of an order of the same court, dated May 23, 1988, as denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the orders are reversed insofar as appealed from, on the law, with costs, the cross motions are granted, and the complaint is dismissed.

On March 20, 1987, the plaintiff and the defendant Bruce Caplin executed a written agreement pursuant to which the

defendant Bruce Caplin purchased 50% of a flea market concession operated by the plaintiff. The handwritten contract provided, *inter alia,* that the "agreement will be a 50-50 partnership" and that Bruce Caplin was entitled to "50% of all monies taken in". In return, Bruce Caplin agreed to pay the plaintiff $5,000 immediately and an additional $35,000 in annual installments over a four-year period. Moreover, Bruce Caplin agreed to pay 50% of all rental fees and costs associated with goods purchased.

The complaint asserts five causes of action. Four causes of action are asserted against the defendant Bruce Caplin to recover damages for breach of contract and fraud concerning his purported failure, *inter alia,* to make an installment payment and pay his share of rental fees. A cause of action is also asserted against the defendant Amy Caplin, the wife of Bruce Caplin, based essentially upon the plaintiff's allegation that "she knowingly, intentionally and without reasonable justification or excuse, persuaded defendant BRUCE CAPLIN to break the agreement with the plaintiff and to refuse to proceed further". The court ruled that the defendants were not entitled to dismissal of the complaint and denied their respective cross motions. We disagree.

It is well settled that partnership rights and obligations may be fixed by agreement *(see, Corr v Hoffman,* 256 NY 254, 272; *Martin v Peyton,* 246 NY 213; 15 NY Jur 2d, Business Relationships, § 1309). If, as in the instant case, it is evident that a written partnership agreement is a complete expression of the parties' intention, the language of the partnership agreement controls and will not be questioned *(see, Martin v Peyton, supra; Rosen Trust v Rosen,* 53 AD2d 342, 352, *affd* 43 NY2d 693; 15 NY Jur 2d, Business Relationships, § 1308). The clear and unambiguous terms of the partnership agreement mandate the finding, as a matter of law, that the parties' relationship was in fact a partnership *(see, Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455, 461; *Carvel Corp. v Rait,* 117 AD2d 485). Thus, the general rule that partners may not sue each other at law on any claim relating to the partnership unless there has been an accounting and a "balance struck" or a promise to pay is applicable here *(Arnold v Arnold,* 90 NY 580, 583; *Herrick v Guild,* 257 App Div 341; *Bankers Trust Co. v Dennis,* 256 App Div 495, *affd* 282 NY 635; *Squire v Wing,* 17 AD2d 835; *see,* 16 NY Jur 2d, Business Relationships, § 1363). Accordingly, the causes of action against the defendant Bruce Caplin are dismissed.

Additionally, we find that the cause of action against the

defendant Amy Caplin is facially insufficient inasmuch as the complaint contains no allegation that she employed improper means in effecting her purported interference with the plaintiff's contractual rights *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Stratford Materials Corp. v Jones,* 118 AD2d 559). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.