■ BERNADETTE C. GIBLIN, Appellant, v ANESTHESIOLOGY ASSOCIATES, Respondent.—In an action, *inter alia,* to recover damages for breach of contract and for an accounting, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 27, 1989, as denied that branch of her motion which was for summary judgment on the first through third causes of action asserted in her complaint, and, upon searching the record, dismissed the complaint, and directed the plaintiff's attorney to personally pay $1,000 to the Lawyers' Fund for Client Protection (formerly, Clients' Security Fund).

Ordered that the order is modified, on the law, by deleting the provision thereof directing the plaintiff's attorney to personally pay $1,000 to the Lawyers' Fund for Client Protection; as so modified, the order is affirmed insofar as appealed from,

without costs or disbursements, and the matter is remitted to Supreme Court, Kings County, for a hearing on the issue of the imposition of a sanction upon the plaintiff's attorney in accordance herewith *(see,* 22 NYCRR 130-1.1 [d]).

The plaintiff is a former member of the defendant Anesthesiology Associates, a partnership of medical doctors. Her complaint sets forth six causes of action. Two are to recover damages for breach of contract concerning the defendant's purported failure, *inter alia,* to pay an alleged accounting amount and its failure to make payment for other "incidental" benefits claimed by the plaintiff to be due upon the termination of her association with the partnership. The Supreme Court ruled that the plaintiff was not entitled to summary judgment on these claims and dismissed the complaint pursuant to CPLR 3212 (b). On appeal, the plaintiff challenges only the dismissal of the first through third causes of action. We find that they were properly dismissed.

The general rule that partners may not sue each other at law on any claim relating to the partnership unless there is an accounting, a "balance struck" *(Silverman v Caplin,* 150 AD2d 673, 674) or a promise to pay, is applicable here *(see, Arnold v Arnold,* 90 NY 580, 583). The plaintiff failed to prove that defendant's offer to settle the parties' dispute, which she rejected, constituted such a "balance struck" or a promise to pay. Moreover, the plaintiff's claim for incidental benefits of employment does not fall under the exception that a partner may maintain an action at law against a partnership when no complex accounting is required or only one transaction is involved which is fully closed but unadjusted *(see, Agrawal v Razgaitis,* 149 AD2d 390, 391). We note, as did the Supreme Court, that plaintiff's claims may be resolved in her separate action for an accounting still pending in the Supreme Court *(see,* CPLR 3211 [a] [4]).

With respect to the imposition of a $1,000 sanction upon the plaintiff's attorney, no request for that relief was made by the defendant and the plaintiff was not put on notice by the court that such a penalty would be considered when it rendered its written decision *(cf.,* 22 NYCRR 130-1.1 [d]; *see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 413). Although the court ruled that its decision involved restating "long established law which should have been known by the attorney for the plaintiff" and, in effect, that some of the causes of action were merely duplicative of those interposed in an already pending action, the plaintiff's counsel was afforded no reasonable opportunity

to be heard as is required by the rule authorizing the court to exercise its power to impose sanctions for frivolous conduct (22 NYCRR part 130; *see, Hendrickson v Saratoga Harness Racing,* 170 AD2d 719). Since we cannot say that sanctions are unwarranted, we remit the matter for a hearing on that issue *(cf., Hendrickson v Saratoga Harness Racing, supra).* Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.