■ BEVY CONTRACTING, LTD., Respondent-Appellant, v RICHARD SINROD et al., Appellants-Respondents.—In an action, *inter alia,* to foreclose on a mechanic's lien, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated November 20, 1990, as denied their motion for summary judgment dismissing the first cause of action to foreclose the mechanic's lien, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as granted those branches of the defendants' motion which were to dismiss the second and third causes of action.

Ordered that the order is reversed insofar as appealed from,

on the law, and that branch of the motion which was to dismiss the first cause of action is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that upon searching the record, the defendants' counterclaim is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants, as owners of certain real property in Massapequa, New York, entered into a contract dated November 13, 1986, with the plaintiff, as general contractor, for the construction of a two-story office building. Pursuant to the terms of the agreement, the plaintiff engaged various subcontractors to perform certain work and to provide necessary materials, and was therefore responsible for paying them. It is not disputed that the building was not completed by December 7, 1987, the day the plaintiff's work at the site ceased under circumstances which are not clear from the record. However, for purposes of their motion, the defendants assumed that they were responsible for the end of the plaintiff's involvement in the project. It is further undisputed that only $405,690 had been paid to the plaintiff out of a contract price of $425,000. Indeed, the plaintiff contends, without contradiction, that a total of $507,129 was owed, because extra work was performed. A mechanic's lien for $63,329 was filed on December 15, 1987, and the instant suit was commenced two days later.

We disagree with the Supreme Court's conclusion that an issue of fact exists precluding partial summary judgment on the first cause of action to foreclose on the lien. The defendants demonstrated that they directly paid a number of the subcontractors for work and materials provided prior to the time that the plaintiff ceased work at the site, as well as for correcting contract work which was improperly performed or was not done at all. These payments exceeded the sum claimed in the lien by a wide margin. Because those payments represented offsets which must be credited against the contractor's claim, the defendants presented proof that the right to any recovery had been wholly defeated (see, Ritchie Constr. Co. v Hoffman, 8 AD2d 633, affd 7 NY2d 962; see also, Paretta v White Acres Realty Corp., 280 App Div 998, affd 306 NY 702). The plaintiff failed to rebut that proof, and thus summary judgment dismissing the first cause of action should have been granted (see, Zuckerman v City of New York, 49 NY2d 557).

The Supreme Court correctly dismissed the second and third causes of action. The record is devoid of any proof which might support the second cause of action which sounds in tortious interference with contractual and business relationships *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281-282; *Stratford Materials Corp. v Jones,* 118 AD2d 559). The third cause of action sounds in imposition of a constructive trust and falls with the first cause of action *(see,* Lien Law § 70 [3]).

The defendants' counterclaim, which is based on an alleged willful exaggeration of the lien, should also be dismissed *(see,* CPLR 3212 [b]; Siegel, NY Prac § 280). By statute and as a matter of equity, willful exaggeration of a lien renders a mechanic's lien void and terminates the right of recovery *(see,* Lien Law § 39; *see generally,* 76 NY Jur 2d, Mechanics' Liens, § 202). Damages are recoverable *(see,* Lien Law § 39-a). However, under the facts of this case, the counterclaim is clearly without merit. The contract called for the plaintiff to be paid for work and materials provided by the subcontractors. The defendants admit and indeed, sought to prove that more was owed to those subcontractors than was represented by the lien. Thus, the conclusion is inescapable that the lien was not exaggerated. It simply is vitiated by the offsets. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.