■ CARYN MISKE et al., Appellants, v MATTHEW BERDON et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 7, 1990, which denied the plaintiffs' motion for an order granting them leave to serve an amended complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the plaintiffs' motion for leave to amend the complaint to add a

fourth cause of action seeking an accounting and to permit the plaintiffs leave to apply to replead the proposed fifth and sixth causes of action following such accounting, and otherwise affirmed, without costs.

The plaintiff Richard Miske instituted this action to prevent the defendants from wrongfully dissolving the partnership known as Ferro Berdon and Company, an accounting firm, and from expelling him as a partner. The plaintiff also sought to recover fees and proceeds of partnership opportunities which the plaintiff alleged were misappropriated by the defendants for their own benefit.

After completion of discovery, the plaintiff sought leave to amend the complaint to add four causes of action. The proposed third cause of action was brought by Miske in a representative capacity and set forth with particularity the partnership fees allegedly diverted by the defendants. The proposed fourth cause of action, brought by Miske in an individual capacity, sought an accounting based on his alleged wrongful exclusion from the partnership. The proposed fifth and sixth causes of action, also brought in an individual capacity, alleged violations of 18 USC § 1961 et seq., the Racketeer Influenced and Corrupt Organizations statute.

The Supreme Court granted the plaintiffs' motion to amend the complaint only to the extent of permitting the addition of the proposed third cause of action. The defendants do not contest the addition of this cause of action. The proposed addition of the fourth, fifth and sixth causes of action was denied as premature prior to an accounting of partnership affairs and on the ground that these causes of action could not be maintained for failure to join all the partners as parties.

We modify the order to grant the plaintiffs leave to apply to serve an amended complaint adding the proposed fourth cause of action and leave to replead the fifth and sixth causes of action following the completion of such accounting, and otherwise affirm.

While leave to amend pleadings should be "freely given" (CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957; Joel v Weber, 166 AD2d 130), "[i]t is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts. (St. James Plaza v Notey, 95 AD2d

804.)" *(Kriegsman v Kraus, Ostreicher & Co.,* 126 AD2d 489, 490.) An accounting must be completed in this matter before it can be determined whether the proposed fifth and sixth causes of action may be maintained. Since the fourth cause of action seeks such an accounting, it was error to deny the plaintiffs' motion to add this cause of action. Further, since the identity of the partners of the firm has yet to be determined, any failure to name all of the partners in this action may be corrected at a future time. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Rubin, JJ.