**STRATAVEST LTD., Joseph Chervin and Suzanne B. Chervin, Plaintiffs,**

v.

**Walter L. ROGERS, Basil Vasiliou, Belgrave Investment Trust N.V., St. Jean Financial, Inc., Vasiliou & Company, Inc., Cambridge Phase II Corp. and Triangle Acquisition Inc., Defendants.**

**No. 94 Civ. 9305 (RWS).**

United States District Court, S.D. New York.

June 8, 1995.

Bobrow Greenapple Skolnik & Shakarchy, P.C., New York City (Lawrence Greenapple, Peter O'Hanlon, of counsel), for plaintiffs.

Baer Marks & Upham, New York City (Howard Graff, Edward S. Feig, Daniel J. Friedman, of counsel), for defendants Walter L. Rogers, Belgrave Investment Trust N.V., St. Jean Financial Inc. and Cambridge Phase II Corp.

Trachtenberg & Rodes, New York City (Leonard A. Rodes, of counsel) and Willkie Farr & Gallagher, New York City, co-counsel for defendants Basil Vasiliou and Vasiliou & Co., Inc.

Mazur, Carp & Rubin, P.C., New York City (Gary L. Rubin, of counsel), for Defendant Triangle Acquisition Inc.

## OPINION

SWEET, District Judge.

Defendants Walter L. Rogers ("Rogers"), Belgrave Investment Trust, N.V. ("BIT"), St. Jean Financial, Inc. ("St. Jean") and Cambridge Phase II Corp. ("Cambridge") (collectively the "Rogers Defendants") and Defendants Basil Vasiliou ("Vasiliou") and Vasiliou & Company, Inc. ("VCI") (collectively the "Vasiliou Defendants") and Triangle Acquisition Inc. ("Triangle"), have moved for an order pursuant to Fed.R.Civ.P. 12(b)(6) dismissing the second, fourth, fifth, seventh and eighth causes of action alleged in the Amended Complaint on the grounds that until there has been an accounting they fail to state a claim upon which relief can be granted, and dismissing or remanding the remaining claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons discussed below, the motion to dismiss the seventh claim brought under 18 U.S.C. § 1961 et seq. (hereinafter "RICO") is denied, and the motion to dismiss the second, fourth, and fifth and eighth claims is granted.

### Parties

Plaintiff Stratavest Ltd. ("Stratavest") is a New York corporation with its place of business in Roslyn, New York. Plaintiff Joseph Chervin ("Joseph") is managing director of Stratavest. According to the Complaint, Plaintiff Suzanne B. Chervin ("Suzanne") caused Stratavest to be organized in September of 1992 for the purpose of participating in a joint venture with Defendants Rogers, BIT and St. Jean.

BIT is a foreign corporation doing business in New York with an office at 500 Park Avenue, New York, New York.

St. Jean is foreign corporation doing business in New York with a place of business at 500 Park Avenue New York, New York. The Complaint asserts that Rogers is a principal who manages its affairs and controls its activities.

VCI is a New York Corporation with its place of business at 600 Madison Avenue, New York, New York and Vasiliou is a principal who manages its affairs and controls its activities.

Cambridge is a foreign corporation doing business in New York which owns and operates an office in New York for Defendants Rogers, Vasiliou, VCI, and St. Jean.

### Prior Proceedings

The Complaint in this action was originally filed in state court. It was removed to this Court by Defendants on December 29, 1994.

The Complaint alleges that Plaintiffs were fraudulently induced to part with time, information, professional skills and overhead in consideration of a share in a joint venture with Defendants whose object was to engage in profitable investments and transactions identified and developed by Plaintiffs and funded by Defendants. Plaintiffs alleged that the venture agreement provided that the respective profit shares of the participants were to be agreed upon in each instance. Plaintiffs allege that they worked on and brought to the Defendants over 100 opportunities in six of which the Defendants placed funds. Defendants never agreed with Plaintiffs on their respective shares in the venture, paid Plaintiffs only $197,000 with respect to transactions involving many millions of dollars, took for themselves all of the assets of the venture, and refused to account to, communicate with or otherwise deal with Plaintiffs as participants in the venture.

The Complaint which sets forth eight causes of action arising out of these facts seeks: 1) an accounting; 2) damages for breach of contract; 3) the imposition of a constructive trust upon the assets of the venture in the hands of the Defendants; 4) damages against the Defendants for their breach of their fiduciary duties to Plaintiffs; 5) damages against each of the Defendants for their respective participation in a breach of fiduciary duty; 6) a declaratory judgment that certain promissory notes signed by

Plaintiffs totaling $195,000 are void and unenforceable; 7) treble damages and attorneys' fees under RICO, pleading that the various false statements made by the Defendants to the Plaintiffs were made through the mails and the international telephone and constituted mail fraud and wire fraud; and 8) damages from Defendant Rogers measured by lost opportunity due to Rogers' fraudulently inducing Plaintiffs into the venture at their command without intending to compensate them for doing so as promised in the joint venture agreement.

Federal jurisdiction is premised on Claim Seven, the federal RICO claim.

Oral argument was heard on Defendants' motions on March 1, 1995, and the motions were considered fully submitted at that time.

### Discussion

### The State Claims at Law are Dismissed at This Time

■ In New York, joint ventures and the relationship between joint venturers are reviewed and tested by the rules governing partnerships and partners. *See Ebker v. Tan Jay International, Ltd.,* 741 F.Supp. 448, 468 (S.D.N.Y.1990), *aff'd,* 930 F.2d 909 (2d Cir.), *cert. denied,* 502 U.S. 853, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991); *Pedersen v. Manitowoc Co.,* 25 N.Y.2d 412, 419, 306 N.Y.S.2d 903, 255 N.E.2d 146 (1969).

■ As a general New York rule, one partner may not sue another at law for damages relating to partnership affairs unless there has been a full accounting, prior settlement or adjustment of the partnership affairs. *Ebker v. Tan Jay International, Ltd.,* 741 F.Supp. 448, 470 (S.D.N.Y.1990), *aff'd,* 930 F.2d 909 (2d Cir.), *cert. denied,* 502 U.S. 853, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991); *Pace v. Perk,* 81 A.D.2d 444, 440 N.Y.S.2d 710, 715 (2d Dept.1981); *Consolidated Machinery and Wrecking Co. v. Harper Machinery Co.,* 190 A.D. 283, 180 N.Y.S. 135, 136 (1st Dept.1920). Cases or counts are dismissed which plead legal causes of actions between partners prior to an accounting. *See Giblin v. Anesthesiology Associates,* 171 A.D.2d 839, 567 N.Y.S.2d 775, 776 (2d Dept. 1991) (breach of contract claim dismissed); *Miske v. Berdon,* 189 A.D.2d 594, 592

N.Y.S.2d 303, 304 (1st Dept.1993) (leave to amend to add RICO claim was not granted until accounting was completed); *Silverman v. Caplin,* 150 A.D.2d 673, 541 N.Y.S.2d 546, 547 (2d Dept.1989) (dismissing legal claims for breach of contract and fraud concerning failure to make payments to partnership); *Sasson v. Lichtman,* 276 A.D. 932, 94 N.Y.S.2d 578, 578–79 (2d Dept.1950) (dismissing claim for fraudulent withdraw of funds).

New York courts have permitted partners to seek injunctive relief prior to an accounting, however Plaintiff's second (breach of contract), fourth (damages for breach of fiduciary duty), fifth (damages for participation in breach of fiduciary duty) and eighth (damages for fraud in the inducement) claims do not seek equitable relief.

While there are exceptions to the rule that one partner may not sue another at law until there has been an accounting, *Ebker v. Tan Jay International Ltd.,* 741 F.Supp. 448 (S.D.N.Y.1990), *aff'd,* 930 F.2d 909 (2d Cir.), *cert. denied,* 502 U.S. 853, 112 S.Ct. 161, 116 L.Ed.2d 126 (1991) (*"Ebker"*), the facts of this case do not present a situation where the exception applies. *Ebker* contains a succinct discussion of the exception to the exclusivity of the accounting rule, known as the *Crownshield/LaFleur* exception. In *Ebker,* the court concluded that "the sole remedy available" to the plaintiff joint venturer in *Ebker* was an accounting, 741 F.Supp. at 468, and described the inapplicable exceptions:

> The *Crownshield* and *LaFleur* cases cited by our Circuit Court are similarly inapplicable to the matter before us. *Crownshield* held that where a partner commences to dissolve a partnership before the end of the term agreed upon, or where prior to the commencement of the partnership or joint venture he disaffirms the underlying partnership contract, he is liable in an action at law for damages. [citing *Crownshield* ] Since the partnership between Ebker and Nygard was expressly held by the Court of Appeals to be terminable at will, *the Crownshield case, which concerned a partnership which was for a*

*fixed term, is not applicable to the matter before us.*

*LaFleur v. Montgomery* recognized a cause of action for lost profits sustained by plaintiffs in consequence of defendant's alleged breach of contract in wrongfully terminating the joint venture. The Court held that "under such circumstances an action at law to recover for loss of profits may be maintained independent of seeking the equitable relief of an accounting." [citing *LaFleur*] *The joint venture in the LaFleur case [was] also for a fixed period, and not terminable at will as was the partnership between Ebker and Nygard.*

741 F.Supp. at 467 (emphasis added).

■ In this case, Plaintiffs do not allege, nor does it appear, that the alleged joint venture was for a fixed term. Thus under the allegations of Plaintiffs' complaint, the alleged partnership was terminable at will *Sanley Co. v. Louis*, 197 A.D.2d 412, 602 N.Y.S.2d 605, 606 (1st Dept.1993) (when no term of duration is set by partners, partnerships are partnerships at will); *Shandell v. Katz*, 95 A.D.2d 742, 743, 464 N.Y.S.2d 177, 179 (1st Dept.1983) (same), and thus, the *Crownshield/LaFleur* exception to the general rule does not apply and the Plaintiff must get an accounting before they can sue the Defendants at law.

Since the second, fourth, fifth and eighth claims are claims at law they will be dismissed consistent with state law regulating the affairs of partners with leave to renew, if appropriate, after an accounting.

### The Motion to Dismiss Federal RICO Claim is Denied

The Defendants argue that the RICO claim is legal in nature and as such premature until an accounting has been completed. This is the position taken by the state court in *Miske v. Berdon*, 189 A.D.2d 594, 592 N.Y.S.2d 303 (1st Dept.1993). In *Miske*, the First Department would not allow the plaintiff partner to pursue RICO claims against his fellow partners until an accounting was completed:

An accounting must be completed in this matter before it can be determined wheth-

er the proposed fifth and sixth [RICO] causes of action may be maintained.

592 N.Y.S.2d at 304.

The plaintiff in *Miske* was thus granted leave by the Appellate Division to add two proposed RICO claims only *following the completion of the accounting.* In so holding, the Court noted with respect to the plaintiff's RICO claims that it is "well established" that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting. *Id.*

■ Thus, under the recent law of this state, RICO claims are "actions at law" for purposes of the rule limiting partners to the remedy of an accounting and are not available prior to an accounting. In regulating the affairs between partners, the state court, in interpreting the state law, has seen fit not to permit RICO claims prior to an accounting.

■ While this appears to be the position of the state courts, Defendants have not provided this court with any authority to dismiss a federal cause of action in federal court prior to an accounting. Absent such authority, the RICO claim will not be dismissed and the case will remain in this court.

### Conclusion

For the reasons stated above, the motion to dismiss the RICO claim is denied and the motion to dismiss the other four claims is granted at this time with leave to renew after an accounting, if appropriate.

It is so ordered.