■ B.D. AND F. REALTY CORPORATION, Respondent-Appellant, v JACK LERNER et al., Appellants-Respondents. [648 NYS2d 596] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 1, 1996, which, in an action for an accounting, breach of contract and breach of fiduciary duty arising out of a joint venture, denied so much of plaintiff's motion as sought appointment of a temporary receiver, granted so much as sought to compel discovery and inspection of certain items, and denied defendants' cross motion for summary judgment, unanimously modified, on the facts, to limit discovery to the books and records specified in Section 9 (b) of the joint venture agreement, for the years 1994, 1995 and 1996, with leave granted plaintiff to renew the request for discovery upon a showing of relevance and materiality, and otherwise affirmed, without costs.

The court properly denied the appointment of a receiver since there was no evidence of waste or mismanagement (*Hahn v Garay*, 54 AD2d 629), title is held by the joint venture, the value of the realty itself provides security (*Societe Generale v Charles & Co. Acquisition*, 157 Misc 2d 643, 649), and the property still generates income (*Martin v Donghia Assocs.*, 73 AD2d 898), and will not be removed from the State, lost, materially injured or destroyed (CPLR 6401 [a]).

There is no merit to defendant's argument that the causes of action for breach of contract and breach of fiduciary duty should be dismissed as premature, since they are grounded in the joint venture agreement itself and are not derivative of the results of an accounting (*see, St. James Plaza v Notey*, 95 AD2d 804; *cf., Miske v Berdon*, 189 AD2d 594).

Since the court could grant summary judgment directing defendant to comply with the contractual obligation to provide semi-annual and annual accountings and to make such financial records available to all venturers, independent of any eventual judgment directing a general accounting, we reject defendant's contention that, absent an accounting, disclosure of the financial records is precluded. However, by directing defendant, at this juncture, to comply with the full range of discovery requested in the discovery demand, the order was overbroad. Rather, for present purposes, defendant should comply with the obligation to produce financial records specified in Section 9 (b) of the joint venture agreement for 1994, the year preceding the first documented demand, for 1995, and, prospectively, for 1996. Since the need for discovery may expand if it is determined that plaintiff is owed proceeds from the operation of the property, leave to renew the discovery request at that time is granted, upon the usual showings of relevance and materiality. Conversely, if plaintiff is not owed a portion of the proceeds, plaintiff will have to demonstrate a need for documents beyond the financial records of the joint venture.

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur— Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.