Hani NAMEH, Yasser Nameh and Abdallah Nameh and Sons, Ltd., Plaintiffs–Counter–Defendants–Appellants,

v.

MURATEX CORPORATION,
Defendant–Counter–
Claimant–Appellee.

Docket No. 01–7593.

United States Court of Appeals,
Second Circuit.

May 10, 2002.

David A. Robinson, Robinson & Cournot, New York, NY, for Appellant.

Alan Heblack, Holland & Knight, New York, NY, for Appellee.

Present McLAUGHLIN, PARKER, SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Hani Nameh, Yasser Nameh, and the Polish Corporation Abdallah Nameh & Sons, Limited, ("ANS") appeal from decisions by the United States District Court for the Eastern District of New York (E. Thomas Boyle, *Magistrate Judge*) dismissing their claims for breach of joint venture agreement, breach of fiduciary duty, specific performance of a promised capital investment, and unjust enrichment against their former partner in a joint venture, Muratex Corporation.

In early 1990, Hani and Yasser Nameh reached an oral agreement with Van Muran, president of the New York-based Muratex corporation, under which Muratex agreed to collect and ship second hand clothing from the United States to ANS in Poland where the fabric could be sorted, packed, and sold on the Polish and other foreign markets. Muratex agreed to make a $120,000 investment in ANS, doubling the company's capital and creating a one-half ownership interest for Muratex. Unbeknownst to the Polish Authorities who altered ANS's Notarial Deed to reflect the new venture, the parties also agreed to use a system of "double invoicing" whereby Muratex would include two invoices with each shipment of clothing: one, reflecting the accurate value of the goods, would be used to compute the amount due to Muratex; the other, listing an artificially depressed value, would be presented to Polish customs to lower the amount due to the government on the imported goods.

The agreement was never memorialized and the parties soon fell into a dispute over the terms of their agreement. The joint venture dissolved in May 1993 when ANS manifested its unequivocal intent to liquidate the venture rather than make payments on its outstanding invoices to Muratex. *See Scholastic, Inc. v. Harris,* 259 F.3d 73, 87–88 (2d Cir.2001) (describing requirements for termination).

In a March 31, 1999 order, the district court, having jurisdiction by way of diversity, found that New York law governed the agreement and denied ANS's equitable claims as premature because of New York's requirement that a joint venturer

produce an accounting before seeking legal remedy from a former co-venturer. Simultaneously, the court granted Muratex's motion for an accounting. Two years later, after production of the alleged accounting and a bench trial, the court dismissed both parties' remaining claims on the grounds that illegality, or in the alternative the doctrine of unclean hands, barred court enforcement of their agreement.

This Court reviews a district court's choice of law determination, as well as its grants of motions to dismiss or for summary judgment, de novo. *See Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir.2001)(choice of law); *Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387, 391 (2d Cir.2001)(motions to dismiss or for summary judgment).

 This Court finds that New York law properly governed the agreement because ANS, despite advocating application of Polish law, failed to produce sufficient evidence of Polish contract law to demonstrate that the law of contract formation in Poland conflicted with the law of the forum state. *See Loebig v. Larucci*, 572 F.2d 81, 85 (2d Cir.1978)("When there is no presumption that New York law is the same as foreign law and no evidence has been presented as to foreign law, New York courts have decided the cases in accordance with New York law."); *Dornberger v. Metro. Life Ins. Co.*, 961 F.Supp. 506, 531 (S.D.N.Y.1997)(applying New York law when parties failed to demonstrate conflict between New York and Swiss law); *see also* Fed.R.Civ.P. 44.1 advisory comm. notes ("[T]he court is free to insist on a complete presentation by counsel."). Applying New York law, this Court first concludes that the parties formed a joint venture in early 1990 when they orally agreed to begin transnational shipping of second hand clothing for resale. *See Correspon-*

*dent Servs. Corp. v. J.V.W. Inv. Ltd.*, 173 F.Supp.2d 171, 179 (S.D.N.Y.2001). The Court further agrees with the district court that ANS, as a former member of a joint venture, could not properly bring its legal claims for breach of joint venture agreement and breach of fiduciary duty before providing an accounting, *see Stratavest Ltd. v. Rogers*, 888 F.Supp. 35, 37 (S.D.N.Y.1995), and that Muratex was due an accounting after termination of the joint venture, *see Benenson v. Fleischman*, No. 94 CIV. 5009(CSH), 1995 WL 303618 (S.D.N.Y. May 18, 1995); *see also NCAS Realty Mgmt. Corp. v. Nat'l Corp. for Hous. P'ships*, 143 F.3d 38, 45 (2d Cir. 1998) (misconduct does not destroy claim for an accounting). Furthermore, this Court finds that as the defrauding of Polish customs authorities was necessary to ensure the profitability of the joint venture, the parties further claims for equitable relief or a more detailed accounting are barred by the illegality of their contract. *See Nat'l Petrochemical Co. Of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 243 (2d Cir.1991) (finding even a facially valid contract may be "rendered unenforceable by its 'direct connection' with an illegal transaction").

For the reasons set forth above, the judgment of the district court is AFFIRMED.