■ In the Matter of NICHOLAS RAPUANO, Appellant, v PRODUCTION COMPANY et al., Respondents. In the Matter of NICHOLAS RAPUANO, Appellant, v FMAC ASSOCIATES et al., Respondents. [756 NYS2d 555] —Orders, Supreme Court, New York County (Bruce Allen, J.), entered on or about June 13, 2002, which, in separate actions to dissolve two partnerships, denied petitioner's motions for the appointment of a receiver and granted respondents' cross motions for accountings by each side to the other, unanimously affirmed, with separate bills of costs.

Petitioner's motions for a receiver were properly denied for lack of a sufficient showing of waste or mismanagement over the 10 years since petitioner and respondents disassociated, and where the partnerships' main assets consist of real property (*see B.D. & F. Realty Corp. v Lerner*, 232 AD2d 346, 346 [1996]). No reason appears why the parties' respective interests in the partnerships cannot be adjusted in orderly fashion with an accounting (*see Shandell v Katz*, 95 AD2d 742, 743 [1983]). Indeed, petitioner's claim that the sale of the partnerships' real property to outside parties is necessary for him to realize his share cannot be evaluated without an accounting. We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. BARI J. SCHULMAN, Admitted in 1977, at a Term of the Appellate Division, Fourth Department. [759 NYS2d 651] —Respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Williams, JJ. [*See* 257 AD2d 127.]