In an action, inter alia, to recover damages for wrongful death, the plaintiff and the nonparty, Andrew Rosner, appeal from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered October 7, 2009, which granted the defendants’ motion to vacate the parties’ stipulation of settlement dated July 31, 2009, and for a new trial, and, sua sponte, directed Andrew Rosner, the plaintiff’s attorney, to pay the defendants’ trial costs and a sanction in the sum of $10,000 pursuant to 22 NYCRR 130-1.1, and referred the matter to the Grievance Committee.
Ordered that the appeal by the plaintiff from so much of the order as, sua sponte, directed the nonparty, Andrew Rosner, to pay certain costs and a sanction in the sum of $10,000 pursuant to 22 INfYCRR 130-1.1, and referred the matter to the Grievance Committee is dismissed, as the plaintiff is not aggrieved by those portions of the order (see CPLR 5511); and it is further,
Ordered that the appeal by the nonparty, Andrew Rosner, from so much of the order as granted the defendants’ motion to vacate the parties’ stipulation of settlement, and for a new trial, is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that on the Court’s own. motion, the notice of appeal of the nonparty, Andrew Rosner, is deemed an application for *1005 leave to appeal from so much of the order as, sua sponte, directed him to pay certain costs and a sanction in the sum of $10,000 pursuant to 22 NYCRR 130-1.1, and referred the matter to the Grievance Committee, and leave to appeal from those portions of the order is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendants’ motion to vacate the parties’ stipulation of settlement and for a new trial, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof, sua sponte, directing the nonparty, Andrew Rosner, to pay certain costs and a sanction in the sum of $10,000 pursuant to 22 NYCRR 130-1.1; as so modified, the order is affirmed, with one bill of costs payable to the plaintiff by the defendants, and the matter is remitted to the Supreme Court, Queens County, for a hearing, before a different Justice, on the issue of the imposition of a sanction upon the plaintiffs attorney.
During jury deliberations in this wrongful death case, the parties entered into settlement discussions. Before the jury rendered a verdict, the parties entered into a stipulation of settlement on the record. The Supreme Court then discharged the jury.
Apparently, when the exhibits available for the jury’s review were collected, it was discovered that the plaintiffs attorney’s “typewritten summation notes,” which were not in evidence, had been mixed in with the plaintiffs decedent’s medical records, which were in evidence. Soon thereafter, the defendants moved to vacate the stipulation of settlement, and for a new trial. The Supreme Court, which determined that the plaintiffs attorney “intentionally included” the notes “with” the medical records, granted the motion, vacated the stipulation of settlement, and ordered a new trial. Furthermore, the Supreme Court, sua sponte, directed the plaintiffs attorney to pay the defendants’ “actual trial expenses” and a sanction in the sum of $10,000, and referred the matter to the Grievance Committee for the Eleventh Judicial District.
Stipulations of settlement, favored by the courts and not lightly set aside (see Hallock v State of New York, 64 NY2d 224, 230 [1984]), are contracts subject to principles of contract interpretation (see McCoy v Feinman, 99 NY2d 295, 302 [2002]). Only where there is cause sufficient to invalidaté a contract, such as mistake or fraud, will a party be relieved from the consequences of a stipulation of settlement (see McCoy v Feinman, 99 NY2d at 302; Hallock v State of New York, 64 NY2d at 230).
*1006 Here, the defendants failed to establish a basis for the vacatur of the stipulation of settlement. The record does not establish that the defendants entered into the stipulation because they were aware that the plaintiffs attorney’s typewritten summation notes had been made available to the jury. Accordingly, the Supreme Court improperly granted the defendants’ motion to vacate the stipulation of settlement (cf. Masella v Leemilt’s Flatbush Ave., 112 AD2d 1027, 1028 [1985]) and for a new trial, and improperly, sua sponte, directed the plaintiffs attorney to pay the defendants’ trial costs.
Regarding the imposition of a sanction in the sum of $10,000 upon the plaintiffs attorney, the defendants did not request that relief. Furthermore, the plaintiffs attorney, who was never notified that the Supreme Court was considering granting that relief, was not afforded a reasonable opportunity to be heard on the issue of sanctions (see 22 NYCRR 130-1.1 [d]). Accordingly, the sanction must be vacated (see Matter of Ariola v DeLaura, 51 AD3d 1389 [2008]; Giblin v Anesthesiology Assoc., 171 AD2d 839, 840-841 [1991]; cf. Kamen v Diaz-Kamen, 40 AD3d 937 [2007]). However, since, on this record, we cannot conclude that a sanction is unwarranted (cf. 22 NYCRR 130-1.1 [c] [2]), we remit the matter to the Supreme Court, Queens County, for a hearing on that issue (see Giblin v Anesthesiology Assoc., 171 AD2d at 840-841), before a different Justice.
The appellants’ remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Covello, Angiolillo and Sgroi, JJ., concur.