■ DENNIS L. DEEB, Plaintiff, v TOUGHER INDUSTRIES, INC., et al., Defendants. MARK W. COUCH, Appellant. [627 NYS2d 793] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered May 17, 1994 in Albany County, which imposed sanctions against plaintiff's counsel.

Plaintiff commenced this action in 1990 to recover amounts allegedly due him, as bonus compensation, under an employment contract. Nearly four years later, he moved to compel the examination before trial of defendant's attorney, contending that the latter is the only person with knowledge of information needed to defend against several counterclaims.

Defendants, in turn, cross-moved to depose plaintiff's counsel, Mark W. Couch, purportedly to discover whether Couch, who was previously associated with a law firm that had been retained by defendants, should be disqualified from further representation of plaintiff in this action.

In the course of denying both motions, Supreme Court observed that examination of Couch was unnecessary because it was clear that there was a conflict of interest mandating his disqualification. In addition, the court, *sua sponte*, imposed a $1,500 sanction against each party's attorney for delaying the action by permitting it to proceed for four years without bringing this conflict to the court's attention. Couch, who has since withdrawn from representing plaintiff in this matter, appeals from the portion of the order directing that he pay the monetary sanction.

A court may impose sanctions on its own initiative (*see*, 22 NYCRR 130-1.1 [d]); nevertheless, where, as here, no request has been made for such relief, and the sanctioned party has not been notified in advance that a penalty might be imposed, he or she cannot be said to have been accorded "a reasonable opportunity to be heard" in opposition thereto, as required by the pertinent rule (*see*, 22 NYCRR 130-1.1 [d]; *Breslaw v Breslaw*, 209 AD2d 662, 663; *Flaherty v Stavropoulos*, 199 AD2d 301, 302; *cf.*, *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411, 413, n). Accordingly, the order must be modified as requested, and the matter remitted, to enable Supreme Court to reconsider its decision to sanction Couch, after affording him an opportunity to place on the record any evidence or argument that might persuade the court that a sanction is inappropriate, or that the amount assessed is not warranted.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed a sanction in the amount of $1,500 against Mark W. Couch; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.