672 A.2d 1271

ANTWYNE LITTLE, BRANDON LITTLE, DAMIANE LITTLE, AND SHASHOWNIE LITTLE, MINORS, BY THEIR MOTHER AND GUARDIAN AD LITEM, LAVORIA LITTLE, PLAINTIFFS-RE-SPONDENTS, v. JAMES AND LESLIE MCINTYRE, HUSBAND AND WIFE, AS OWNERS AND LANDLORDS OF 274 LITTLE-TON AVENUE, NEWARK, NEW JERSEY; NIMER ELSAMNA, AS OWNER AND LANDLORD OF 18 BRENNER STREET, NEWARK, NEW JERSEY; PIRDIE AND ALEAN BELL, HUS-BAND AND WIFE, AS OWNERS AND LANDLORDS OF 139 HUDSON STREET, NEWARK, NEW JERSEY; J.R. BARRON CORPORATION, AS OWNER AND LANDLORD OF 641 GROVE STREET, IRVINGTON, NEW JERSEY; EDWARD RUBIN, INDI-VIDUALLY, AS OWNER AND LANDLORD OF 641 GROVE STREET, IRVINGTON, NEW JERSEY, AND AS PRINCIPAL AGENT, EMPLOYEE, SERVANT, OR REPRESENTATIVE OF J.R. BARRON CORPORATION, AND CITY OF NEWARK, DE-FENDANTS, AND JAMES AND LESLIE MCINTYRE, DEFEN-DANTS/THIRD–PARTY PLAINTIFFS-APPELLANTS, v. POON CHI KUN, MEI YING, AND 971 BERGEN ST. CORP., THIRD–PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 27, 1996—Decided March 25, 1996.

Before Judges BAIME, VILLANUEVA, and KIMMELMAN.

*Roger C. Wilson* argued the cause for appellants *James* and *Leslie McIntyre* (*Zucker, Facher & Zucker,* attorneys; *Mr. Wilson,* on the brief).

*Lisa Hendricks Richardson* argued the cause for respondent Lavoria Little (Rutgers Environmental Law Clinic, attorneys; *Ms. Richardson,* on the brief).

*Barry R. Sugarman* argued the cause for respondents minors (*Wilentz, Goldman & Spitzer*, attorneys; *Neil T. Leifer*, of counsel; *Mr. Sugarman*, on the brief).

Seton Hall Law School Center for Social Justice, attorneys for amicus curiae Housing Clinic at the Center for Social Justice (*Gwen E. Orlowski*, on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D. (temporarily assigned).

In this toxic-tort matter involving lead poisoning of four minor plaintiffs, the court is asked to reconsider its order of October 3, 1995, summarily reversing the trial court's order granting defendants James and Leslie McIntyre [1] the right to conduct a psychological evaluation of the mother of plaintiffs, Lavoria Little, who brings this suit as guardian *ad litem*.

The minor plaintiffs allege by their mother that they ingested lead-based paint chips while tenants at various properties owned by the defendants/landlords and, as a result, have suffered cognitive and behavioral impairments. This litigation is presently in the discovery stage. Defendants sought an order to have an expert perform a psychological evaluation of the mother Lavoria Little hoping to prove that the minor plaintiffs' cognitive and behavioral impairments are genetic defects inherited from their mother, rather than solely caused by the ingestion of the lead-based paint chips. The trial court entered an order requiring the mother to submit to a psychological evaluation and further ordered the release of the school records of the mother and those of her children. Following an emergent application for leave to appeal and for a stay of the order pending appeal, this court summarily reversed that part of the order requiring the mother to submit to a psychological evaluation.

---

[1] Although there are several defendants, reference in this opinion to "defendants" is to James and Leslie McIntyre, the only defendants involved in the instant appeal.

We have reconsidered this matter, and we reaffirm our original summary ruling. Our reasoning follows.

At issue is the extent of discovery which may be permitted under the circumstances of this case. Our discovery rules are far-reaching and are liberally construed to secure for the parties "a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." *R.* 1:1–2. In general, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," unless "limited by order of the court in accordance with [the] rules." *R.* 4:10–2(a).

A psychologist retained by defendants is of the opinion that heredity is the primary influence on the development of an infant's cognitive abilities and urges that there be a psychological evaluation of the mother of such infants to determine what role heredity may have played in their cognitive development apart from the effects of the alleged lead poisoning. A brief interview with the mother here leads the psychologist to feel that this mother, herself, may have cognitive limitations. Accordingly, based upon the psychologist's certification, defendants made an application to compel the mother's examination pursuant to *Rule* 4:19.

That rule, in pertinent part, provides:

> In an action to which a claim is asserted by a party for personal injuries or *in which the mental or physical condition of a party is in controversy,* the court in which the action is pending may from time to time order the party to submit to a physical or mental examination by a medical or other expert. Such examination may include the taking of X-rays and other tests of physical or mental condition. *The order may be made only on motion for good cause shown,* supported by affidavit stating the party's refusal to submit to an examination upon the movant's request, and upon notice to the party to be examined and to all other parties....
> [*R.* 4:19 (emphasis added).]

The reach of this rule is subject to clearly expressed limitations. Before a court may order a party to submit to a physical or mental examination, the party must be asserting a claim for personal injuries, or the mental or physical condition of a party must be in controversy. Additionally, the movant must make a showing of good cause before the order may be entered.

Here, no claim for personal injuries is being made by the mother,[2] who solely acts as the guardian *ad litem* for the minor plaintiffs. Nor does she assert any claim which affirmatively puts her mental condition in controversy. Rather it is defendants who seek to put her mental condition in controversy by way of defense, based upon their psychologist's theory of causation. In this regard, the position of the defense is without merit.

Beyond that, *Rule* 4:19 plainly applies only to a party in the pending action. The minor plaintiffs may not bring this action in their own names. *R.* 4:26–2(a). A guardian *ad litem* is needed for that purpose. We do not regard the mother as a party to this litigation. She claims no physical injury and seeks no damages for herself. She is at most a nominal party. 4A *Moore's Federal Practice* ¶ 35.03[2] (2d ed.1995).

*Rule* 4:19 is the state analog to and is substantially identical to *Federal Rule of Civil Procedure* 35. In *Schlagenhauf v. Holder*, 379 *U.S.* 104, 85 *S.Ct.* 234, 13 *L.Ed.*2d 152 (1964), the Supreme Court analyzed the factors necessary to invoke the application of *Federal Rule of Civil Procedure* 35. It held that (1) the mental condition of a party must be in controversy; and (2) good cause apart from mere relevance must be shown. *Id.* at 118–19, 85 *S.Ct.* at 242–43, 13 *L.Ed.*2d at 163–64. In *Schlagenhauf*, a bus had collided with the rear of a slow-moving tractor-trailer. The bus driver was made a party to the personal injury action brought by the passengers on the bus. The tractor-trailer owner asserted that the bus driver's negligence caused the accident and that he was not "physically or mentally" capable of driving the bus at the time of the accident. The Court denied the request for a physical examination of the driver, holding that while his physical or mental condition might have mere relevance to the case, those conditions were not genuinely in controversy having not affirmatively been put in issue by the driver in support of or in defense of

---

[2] Actually, Ms. Little had asserted a claim for damages for emotional distress, which claim was withdrawn prior to oral argument.

a claim. *Id.* at 118–19, 121, 85 *S.Ct.* at 242–43, 244, 13 *L.Ed.*2d at 164, 165. *Schlagenhauf,* although not controlling on *Rule* 4:19, is nevertheless highly instructive.

While "good cause" must also be shown to support an order for a physical examination under *Rule* 4:19, our view that Lavoria Little is not a "party" under the rule and that her mental condition is not in controversy does not require a discussion as to what kind of good cause showing must be made. We do observe, however, that the defense has been able to resort to other, less-intrusive means, such as school records and extensive deposition testimony, all or part of which may be germane to the issue of the mother's psychological evaluation.

Accordingly, we adhere to our October 3, 1995, summary disposition of the issue before the court.