■ TIFFANY SALKEY et al., Appellants-Respondents, v ARTHUR T. MOTT et al., Respondents-Appellants, et al., Defendants. [656 NYS2d 886] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 9, 1996, as granted those branches of the cross motion of the defendants Arthur T. Mott and Dorothy Mott which were to compel the plaintiff Carline Lennon to submit to an intelligence quotient test and provide authorizations to enable the defendants to obtain her academic and employment records, and the defendants Arthur T. Mott and Dorothy Mott cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

The supervision of discovery, as well as the setting of reasonable terms therefor, rests within the sound discretion of the trial court. Its determination will not be disturbed absent a showing that it improvidently exercised that discretion *(see, Matter of U. S. Pioneer Elec. Corp. [Nikko Elec. Corp.],* 47 NY2d 914; *Cardiomax, Inc. v Gustafson,* 227 AD2d 812; *Kaplan v Herbstein,* 175 AD2d 200). Under the particular facts of this case, the plaintiffs failed to show that the trial court improvidently exercised its discretion by directing the plaintiff Carline Lennon, the mother of the infant plaintiff, to supply authorizations for non-privileged academic and employment records, as well as by directing her to submit to an intelligence quotient or IQ test which, as the plaintiffs have conceded, does not constitute privileged medical information. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.