OPINION OF THE COURT
Victor I. Barron, J.
Third-party defendant New York City Housing Authority (hereinafter NYCHA) moves for an order: (a) striking the third-party complaint for failure of the defendant/third-party plaintiff Frances Silvergate Seigel (hereinafter Seigel) to provide full and complete discovery, or compelling the plaintiff and Seigel to provide full and complete discovery; (b) compelling the plaintiff to provide authorizations for all educational records of infant plaintiff’s siblings LaToya Anderson and Dominique Anderson; (c) compelling Christine Anderson and Tommie Smith to submit to I.Q. tests and to provide authorizations for all academic and employment records pertaining to *611 Christine Anderson; (d) precluding the plaintiff and Seigel from entering or eliciting any expert testimony regarding the claims asserted in the third-party action; (e) staying the trial of this action until such time as NYCHA has had an opportunity to obtain I.Q. testing of Christine Anderson and Tommie Smith, to obtain documents pursuant to outstanding discovery demands and to gather other evidence material and necessary to the defense of this action; or granting renewal of NYCHA’s prior motion, and upon renewal, severing the third-party claims.
Plaintiff opposes the motion and cross-moves for an order: (a) prohibiting NYCHA from introducing any other witnesses from the New York City Housing Authority to testify at the time of trial of this matter, (b) prohibiting NYCHA from supporting or opposing designated claims or defenses and from introducing into evidence at the time of trial those items demanded in plaintiff’s combined demands, dated May 1, 1997, or alternatively, striking NYCHA’s answer for willful and contumacious disregard of plaintiff’s discovery demands; (c) for a protective order denying NYCHA’s and/or Seigel’s request to conduct I.Q. testing of derivative plaintiff Christine Anderson; and (d) denying NYCHA’s and/or Seigel’s request for confidential school records of derivative plaintiff Christine Anderson and of the nonparty siblings of infant plaintiff Ebony Anderson.
Seigel opposes that portion of NYCHA’s motion which seeks to strike the third-party complaint and grant renewal of NYCHA’s prior motion to sever the third-party action on the ground that Seigel has responded to the discovery demands of NYCHA; and supports that branch of NYCHA’s motion for an order compelling Christine Anderson and Tommie Smith to submit to I.Q. tests and for an order compelling Christine Anderson to provide authorizations allowing Seigel and NYCHA to obtain all academic and employment records of Christine Anderson.
It is ordered that the motion is determined as follows:
Plaintiff commenced this action seeking damages for injuries allegedly sustained by the infant plaintiff as a result of exposure to lead paint and other contaminants while residing in the premises owned by Seigel. The alleged period of exposure was October 17, 1984 to June 30, 1988. Seigel commenced a third-party action against NYCHA alleging that the infant plaintiff was injured due to exposure to lead paint in apartment 13-G, 60 Carlton Avenue, Brooklyn, New York, a building owned by NYCHA and occupied by Tommie Smith, the *612 father of Ebony Anderson. It is alleged that the infant plaintiff suffered various injuries, including short attention span and various speech and cognitive deficits. The action is now on the trial ready calendar.
NYC HA now moves to compel the plaintiff to provide authorizations for: (a) all academic records of the infant plaintiffs two nonparty siblings; (b) academic and employment records of the mother, Christine Anderson; and (c) I.Q. testing of the mother, Christine Anderson, and the nonparty father, Tommie Smith. NYCHA urges that this discovery is necessary in order to determine the etiology of the infant plaintiff’s alleged injuries. It is their assertion that the learning disability allegedly suffered by the infant plaintiff may be due to factors such as heredity or environment, rather than exposure to lead paint. Plaintiff asserts, in opposition, that the requested disclosure is irrelevant and improper as the mother is a derivative plaintiff and the siblings and father are not parties to the action and neither the father, nor the siblings through their respective guardians or otherwise, have been served with the instant papers. Further, plaintiff contends it is only the physical and mental condition of the infant plaintiff that is in controversy.
CPLR 3101 (a) provides for “full disclosure of all evidence material and necessary in the prosecution or defense of an action”. This provision has been liberally construed to require disclosure of any information or material reasonably related to the issues “which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see also, Titleserv, Inc. v Zenobio, 210 AD2d 314, 315 [2d Dept 1994].) The purpose of liberal discovery is to encourage fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise. (Spectrum, Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991].) CPLR 3101 (a) (4) further provides that material and necessary disclosure may be had of “any other person, upon notice stating the circumstances or reasons such disclosure is sought or required.”
While it is well settled that academic and school records generally are not protected by any privilege, they are not discoverable unless the party seeking their production establishes their relevance and materiality for discovery purposes. (See, Williams v Roosevelt Hosp., 66 NY2d 391, 397 [1985] [family history]; Wepy v Shen, 175 AD2d 124 [2d Dept 1991]; Baldwin v Franklin Gen. Hosp., 151 AD2d 532, 533 [2d Dept 1989].)
*613 In Wepy v Shen (supra), the Appellate Division, Second Department, reversed the lower court decision in a medical malpractice case, and granted defendant’s motion to compel the plaintiff to provide authorizations for sibling academic records. The plaintiff’s mother testified that phenobarbital was prescribed for plaintiff’s sister, and plaintiff’s brother was diagnosed with learning disabilities. The defendant submitted an affidavit by a medical expert, which stated that there was a possible connection between the neurological problems of the plaintiff and her siblings which would support a defense that plaintiffs injuries had a genetic cause and were not due to the defendant’s negligence. The Court found the sibling academic records to be material and relevant to the defense of the case.
In Baldwin v Franklin Gen. Hosp. (supra), the lower court was reversed by the Second Department and plaintiff was compelled to provide authorizations for disclosure of the academic records of plaintiff’s nonparty brother. In this medical malpractice action, it was alleged that the plaintiff suffered a speech impairment and learning disabilities as a result of defendant’s negligence. The mother had testified that the plaintiffs brother also suffered from a speech impairment and learning difficulties requiring special education programs and therapy. The Court found that the defendant had adequately demonstrated that the nonparty sibling academic records were relevant and material for discovery purposes in order to establish that the injuries sustained by the plaintiff had a genetic cause.
In the instant action, in support of its motion, NYCHA has submitted an affidavit and report of Dr. David Masur, the third-party defendant’s examining psychologist who performed the psychological examination of Ebony Anderson. Pursuant to the affidavit annexed to the moving papers, Dr. Masur states that the infant plaintiffs: “etilogy [szc] cannot be evaluated in detail without additional information regarding the cognitive and school achievement history of Ebony’s parents and siblings.” However, Dr. Masur does not cite any case specific facts which support his conclusion that the information sought is material and relevant.
The instant action is clearly distinguishable from the cases cited by movants. In Wepy v Shen (supra), there was testimony from the mother that the infant plaintiff’s siblings had neurological problems and the medical expert was able to conclude from these facts that the school records of the siblings could provide information supporting the defense that the infant plaintiff’s injuries had a genetic cause.
*614 Similarly, in Baldwin v Franklin Gen. Hosp. (supra), there was a factual basis demonstrating relevancy of the school records of the infant plaintiff’s brother. The mother’s testimony indicated that the brother suffered from similar speech problems and learning disabilities requiring special education and therapy.
Unlike Wepy (supra) and Baldwin (supra) no testimony was offered which would indicate there were learning or neurological problems with LaToya or Dominique Anderson, Ebony Anderson’s sisters. To the contrary, a review of Christine Anderson’s deposition testimony reveals that she stated that Ebony’s sisters were not in special education.
 NYCHA also claims it is entitled to an I.Q. test, school and employment records of Christine Anderson, the infant plaintiff’s mother, and an I.Q. test of Tommie Smith, Ebony’s father, a nonparty. The contention is that this information is needed to understand the etiology of infant plaintiff’s condition.
With respect to that portion of NYCHA’s application for I.Q. testing of a nonparty, this court notes that Tommie Smith was never served with the instant moving papers, thereby depriving him of the opportunity to be heard on this issue. Lack of notice pursuant to CPLR 3101 (a) (4) is sine qua non a reason for denying this portion of the relief requested.
In support of NYCHA’s application for testing the movant cites Salkey v Mott (237 AD2d 504 [2d Dept 1997]), where the Second Department affirmed a lower court’s determination to grant a cross motion to compel the infant plaintiffs parent to undergo I.Q. testing and provide authorizations for academic and employment records. The Appellate Division did not disturb the lower court decision, finding: “Under the particular facts of this case, the plaintiffs failed to show that the trial court improvidently exercised its discretion by directing the plaintiff Carline Lennon, the mother of the infant plaintiff, to supply authorizations for non-privileged academic and employment records, as well as by directing her to submit to an intelligence quotient or IQ test which, as the plaintiffs have conceded, does not constitute privileged medical information.” (Salkey v Mott, supra [emphasis added].)
Under the facts of the case at bar, neither NYCHA nor Seigel indicates a compelling reason for this court to order the discovery requested. The movants have failed to show factually that the requested materials have any relevance to this case. The requested discovery is palpably improper where, as here, *615 it seeks information of a confidential and private nature which does not appear to be relevant to the issue of the case. (See, Aetna Ins. Co. v Mirisola, 167 AD2d 270 [1st Dept 1990].)
Accordingly, those branches of NYCHA and Seigel’s motions for an order compelling the plaintiff to provide authorizations for all educational records of infant plaintiffs siblings LaToya Anderson and Dominique Anderson, and for an order compelling Christine Anderson and Tommie Smith to submit to I.Q. tests and to provide authorizations for all academic and employment records pertaining to Christine Anderson, are denied and the plaintiffs motion for a protective order is granted in all respects.
In light of the foregoing, NYCHA’s renewal of its motion to sever this action is denied.
That branch of the motion for an order striking the third-party complaint for Seigel’s failure to provide full and complete discovery is denied, as moot. Pursuant to the affirmation of the attorney for Seigel, all discovery has been provided to NYCHA by Seigel.
That portion of the motion precluding plaintiff and Seigel from entering or eliciting expert testimony is also denied, as moot. Pursuant to the DeSantis affirmation, all discovery has been provided by Seigel, and plaintiff has annexed copies of expert witness responses which were timely served.
NYCHA’s request for a stay is also denied.
The cross motion, having been previously withdrawn and the issues resolved as per stipulation is denied, as moot.