■ BLANCHE G. LANDES, Appellant, v MICHAEL LANDES, Respondent. [670 NYS2d 188] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered November 8, 1996, which granted defendant's motion seeking to require plaintiff to pay his counsel fees and disbursements in defending this action to the extent of directing plaintiff to pay $7,000 to defendant's attorney "as a fine for this patently frivolous action", unanimously reversed, on the law, without costs, the order vacated and the matter remanded for compliance with the requirements of 22 NYCRR 130-1.1.

Plaintiff-wife and defendant-husband were married on June 25, 1989. Two days prior to their marriage they had executed a prenuptial agreement. The parties later separated in October 1990 and, on May 10, 1991, the husband commenced an action for divorce against his wife based upon fraud. The wife counterclaimed for constructive abandonment. After dismissal of the husband's claim in February 1993, the case proceeded to trial on the wife's counterclaim, at the conclusion of which the action was dismissed upon the wife's failure to establish grounds for a divorce.

In 1995, the wife brought this action for a divorce on the ground of cruel and inhuman treatment. After the IAS Court struck the allegations in her complaint that occurred beyond the five-year Statute of Limitations and those that occurred prior to the commencement of the first action, the case proceeded to trial.

To support her claim, the wife testified that although the parties were separated, she suffered due to her husband's failure to acknowledge her birthday, her children's birthday and their anniversary with a card, telephone call or gift. The trial court did not find this testimony credible and, while noting that the marriage was dead, dismissed this second action at the conclusion of the trial, after having declined to do so at the conclusion of the wife's direct case.

The husband then moved for $29,709.58 in counsel fees and disbursements on the ground that his wife needlessly caused him to incur legal expense by prosecuting this second action and subjecting him to a four-day trial at which she failed to support her allegations with credible testimony.

The wife opposed, alleging that because husband's counsel does not have a retainer agreement with his client, as required by 22 NYCRR 1400.3, he was not entitled to a fee. She also argued that there was no proof that his counsel was expecting to collect any fee from him or that the husband had an inability to pay. She also indicated that, although the marriage

was dead, her husband was fighting the divorce to defer paying her sums that would become due under their prenuptial agreement.

In granting the husband's motion to the extent of directing the wife to pay $7,000 to her husband's attorney, calculated as follows: $1,500 for each day at trial and $1,000 for answering the first motion, the plain language of the IAS Court's decision, describing the award as a "fine for this patently frivolous action", renders it a sanction and not an award of attorney's fees. As such, it fails to comply with the requirement that the party against whom sanctions are sought must be given "a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]).

While the form of the hearing shall depend on the nature of the conduct and the circumstances of the case and the authority to impose sanctions or costs is left to the court's sound discretion, in this case it cannot be said that plaintiff-wife was given a reasonable opportunity to be heard.

The husband's notice of motion sought legal fees, not sanctions, and his moving papers make no mention of the rules governing sanctions (22 NYCRR subpart 130-1). There is also no indication in the record that the wife was advised that sanctions would be considered, and therefore she was not given an opportunity to be heard on that point (see, Breslaw v Breslaw, 209 AD2d 662). In view of the potential argument that the wife did not bring the action to harass the husband, but as her only hope of getting out of the marriage, a hearing may disclose that sanctions are not appropriate. Indeed, it may be that the husband is engaging in gamesmanship by refusing the divorce for the sole purpose of avoiding his obligations under the prenuptial agreement.

Moreover, as both parties acknowledge, the award was improper in that it was directed to be paid to the husband's counsel. Sanctions should be entered as a judgment of the court and their payment by a party who is not an attorney should be deposited with the clerk of the court for transmittal to the Commissioner of Taxation and Finance (see, 22 NYCRR 130-1.2, 130-1.3). Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.