■ ANASHATIER HINES, an Infant, by Her Mother and Natural Guardian, CRYSTAL GARRETT, et al., Appellants, v RAP REALTY CORP. et al., Respondents. [679 NYS2d 65] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered November 24, 1997, as, in effect, granted the defendants' motion to compel compliance with an outstanding notice to produce to the extent of directing them to appear at a preliminary conference and disclose certain expert witness information, and (2) so much of an order of the same court, entered December 8, 1997, as (a) directed the plaintiff Crystal Garrett to produce certain authorizations for the release of her academic records and, purportedly, for her medical records, and (b) imposed a sanction in the amount of $250 on the plaintiffs' attorney.

Ordered that the order entered November 24, 1997, is af-

firmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 8, 1997, is modified by deleting the provision thereof imposing a sanction in the amount of $250 upon the plaintiffs' attorney; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an opportunity to be heard on the issue of the imposition of a sanction upon the plaintiffs' attorney in accordance herewith (see, 22 NYCRR 130-1.1 [d]).

The plaintiff Crystal Garrett commenced this action, inter alia, to recover damages for injuries allegedly suffered by her infant daughter as a result of ingesting lead paint. By order entered November 24, 1997, the Supreme Court directed the plaintiffs to disclose whether their expert witness would testify concerning a particular theory that had been relied upon by another expert witness in a similar lead paint poisoning case. The plaintiffs contend that this was error.

Pursuant to CPLR 3101 (d) (1) (i), the plaintiffs were required to disclose "the subject matter" and "the substance of the facts and opinions" on which their expert was expected to testify. We conclude that the Supreme Court providently exercised its discretion, as the information to be disclosed fell within the parameters of CPLR 3101 (d) (1) (i). Furthermore, the order entered December 8, 1997, properly directed the plaintiff Crystal Garrett to disclose her academic records (see, Salkey v Mott, 237 AD2d 504; see also, Davis v Elandem Realty Co., 226 AD2d 419; Baldwin v Franklin Gen. Hosp., 151 AD2d 532).

The plaintiffs contend that the order entered December 8, 1997, impermissibly directed Garrett to disclose her medical records from 1991 to the present. However, that order only required Garrett to authorize the release of a lead poison test to which she had referred during her deposition testimony, and which was discoverable (see, Williams v Roosevelt Hosp., 66 NY2d 391). We do not agree with the plaintiffs that the order either explicitly or implicitly permitted the defendants to discover all of Garrett's medical records from 1991 to the present. Accordingly, the parties may, if they be so advised, seek a clarification from the Supreme Court regarding the defendants' demand for discovery of Garrett's medical records.

It does not appear from the record that the plaintiffs were provided with a reasonable opportunity to be heard before the court, on its own initiative, imposed a sanction upon their counsel (see, 22 NYCRR 130-1.1 [d]; Giblin v Anesthesiology

*Assocs.*, 171 AD2d 839; *see also, Matter of Gordon v Marrone,* 202 AD2d 104, 110-111). Accordingly, since the record reveals that a sanction may be warranted, the matter is remitted to the Supreme Court to provide the plaintiffs and their attorney an opportunity to be heard on the issue of sanctions (*see, Giblin v Anesthesiology Assocs., supra*). O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.