[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7096
This case is a civil action seeking to recover for personal injuries alleged to have been caused by exposure to lead-based paint. The minor plaintiffs, John Pierce, Johan Pierce, Tinea Pierce and Toshi Pierce, have brought this action through their mother Twana Martin as next friend. Martin is also a plaintiff seeking to recover consequential damages only.
In March, 2000, the defendants, Whitney Street Associates, Charles Lobel and Frederick Berg, requested permission to file non-standard requests for production seeking medical and hospital records[1] for Twana Martin for the ten-year period prior to July, 1994 to date. Martin promptly objected,[2] claiming that her medical and hospital records are privileged under General Statutes § 52-146o and that she has not placed her medical condition in dispute in this case.
At the court's direction, the defendants filed a response to Martin's objections, without citation to any authority, claiming that because "[t]here are many potential factors, i.e. biological, psychological and environmental which may be the cause of the minor plaintiffs' alleged injuries" the defendants "are entitled to explore all potential contributing factors including the mother's medical history. . . ." This bare assertion is insufficient to overcome Martin's broad statutory privilege to prevent disclosure of her medical records.
"In 1990, the legislature created a broad physician-patient privilege when it enacted Public Acts 1990, No. 90-177, codified at § 52-146o."Edelstein v. Dept. of Public Health Addiction Services, 240 Conn. 658,662, 692 A.2d 803 (1997). General Statutes § 52-146o (a) provides that in a civil action, "a physician or surgeon . . . shall not disclose (1) any communication made to him by, or any information obtained by him from, a patient or the conservator or guardian of a patient with respect to any actual or supposed physical or mental disease or disorder or (2) any information obtained by personal examination of a patient, unless the patient or his authorized representative explicitly consents to such disclosure." "[Section] 52-146o applies to communications made before, as well as after, the statute's effective date." Edelstein v. Dept. ofPublic Health Addiction Services, supra, 240 Conn. 667. Section 52-146o
(b) provides several exceptions to the privilege, but none are applicable here.[3] The purpose of the privilege, as expressed in the legislative history was to "insure that a patient/doctor confidentiality is maintained." 33 H.R. Proc., Pt. 14, 1990 Sess., p. 4860, remarks of Representative Tulisano. Analogous to the psychiatrist-patient and psychologist-patient statutory privileges, General Statutes § 52-146d
CT Page 7097 and § 42-146c respectively, the broad language of § 52-146
implements a legislative policy giving the patient control over who gets access to communications made to and information obtained by her physician. Such broad privileges are difficult to overcome. See HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 663 A.2d 1001
(1995).
Although the physical and mental condition of the minor plaintiffs, who are seeking to recover damages for injuries alleged to have occurred due to exposure to lead-based paint, is certainly in issue in this case, Martin's physical and mental condition is not even though she is a party suing for consequential damages. Under our law, when a child is injured by the acts of a third party, a parent may bring a common law cause of action to collect for consequential damages, such as medical expenditures, that are caused by the injury. Dzenutis v. Dzenutis,200 Conn. 290, 308, 512 A.2d 130 (1986). A parent may only recover her consequential damages, however, if the child is entitled to recover compensation. Shiels v. Audette, 119 Conn. 75, 77, 174 A. 323 (1934). Thus, any claim Martin may have for consequential damages is premised on the medical condition of the minor plaintiffs. She has not waived her statutory privilege against disclosure of her medical records simply by being a party-plaintiff.
Martin has asserted a valid claim of privilege. Therefore, the burden is on the defendants to establish that Martin's medical records from July, 1984 to the present are relevant to the issue in controversy — the physical and mental condition of the minor plaintiffs — and are necessary to the defense. In this case, other than an unsupported assertion that they are entitled to explore Martin's medical history, the defendants have not provided any basis upon which the court can make a determination of relevance and necessity. They have not cited to any "case specific facts," for example, which provide a basis for concluding that Martin's medical history may provide an explanation for any physical or mental deficits claimed by the minor plaintiffs. See Anderson byAnderson v. Seigel, 175 Misc.2d 609, 668 N.Y.S.2d 1003 (1998) (In lead paint case, movants "failed to show factually" that requested discovery of confidential and private records have any relevance to case.). Nor have they provided expert opinion to establish a factual predicate that demonstrates the relevance of Martin's records to the defense of the claims asserted by the minor plaintiffs.[4] See Monica W. v. Milevol,252 App.Div.2d 260, 685 N.Y.S.2d 231, 234 (1999). The defendants cannot create "relevance" simply by claiming Martin's medical conditions as a defense. See Andon v. 302-304 Mott Street Associates,257 App.Div.2d 37, 40,690 N.Y.S.2d 241, (1999); Little v. McIntyre, 289 N.J. Super. 75,672 A.2d 1271, 1273 (1996). Furthermore, even if Martin's medical history were demonstrably relevant and necessary to a theory of defense she would CT Page 7098 still be entitled to assert her statutory privilege. See Dierickx v. The Cottage Hospital Corp., 152 Mich. App. 162, 393 N.W.2d 564 (1986).[5]
Accordingly, the plaintiffs' objection to the defendants' request for permission to file non-standard requests for production, dated March 15, 2000, is sustained in its entirety.
LINDA K. LAGER, JUDGE