In an action to recover damages for personal injuries, nonparty Robert P Tusa appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated April 12, 2012, which denied his motion to vacate so much of an order of the same court dated October 20, 2011, as awarded the plaintiff an attorney’s fee in the sum of $3,500, payable by him as a sanction pursuant to 22 NYCRR 130-1.1.
Ordered that the notice of appeal by the defendant is deemed *692 to be a notice of appeal by Robert E Tusa (see CFLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,
Ordered that the order dated April 12, 2012, is affirmed, without costs or disbursements.
The arguments advanced by the nonparty appellant, Robert E Tusa, in opposition to a motion by the plaintiff to restore the action to active pre-note-of-issue status were completely without merit in law, failed to address the applicable statutory and case law, and appear to have been advanced, once their lack of merit was apparent, for the purpose of delaying restoration of the action (see 22 NYCRR 130-1.1 [c]; Yan v Klein, 35 AD3d 729, 729-730 [2006]; Curdo v Hogan Coring & Sawing Corp., 303 AD2d 357, 358-359 [2003]; Matter of Parkside Ltd. Liab. Co., 294 AD2d 582, 584 [2002]). Contrary to the nonparty appellant’s contention, he was given advance notice, prior to oral argument on the plaintiffs motion, that the Supreme Court was considering awarding the plaintiff a reasonable attorney’s fee as a sanction for the appellant’s frivolous conduct in opposing the motion to restore the action to the calendar, and the appellant was given an opportunity to be heard on this issue (see 22 NYCRR 130-1.1 [a], [d]; cf. Telemark Constr. v Fleetwood & Assoc., 236 AD2d 462, 463 [1997]; Deeb v Tougher Indus., 216 AD2d 667, 668 [1995]). Accordingly, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney’s fee as a sanction pursuant to 22 NYCRR 130-1.1. Rivera,
J.E, Dickerson, Leventhal and Lott, JJ., concur.