■ LEE A. HESTER, Appellant, v LETITIA C. HESTER, Respondent. [993 NYS2d 359]—

In an action for a divorce and ancillary relief, the plaintiff appeals from (1) so much of an amended order of the Supreme Court, Westchester County (Giacomo, J.), entered March 15, 2013, as, sua sponte, imposed sanctions against him in the principal sum of $7,500, and (2) a judgment of the same court entered June 7, 2013, which, upon the amended order, is in favor of Jones Morrison, LLP, assigned to represent the defendant, and against him in the principal sum of $7,500.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and so much of the amended order as, sua sponte, imposed sanctions against the plaintiff in the principal sum of $7,500 is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the amended order must be dismissed because no appeal lies as of right from a order that does not decide a motion made on notice, and we decline to grant leave to appeal in view of the fact that a judgment has been entered in the action (*see Szewczuk v Szewczuk*, 107 AD3d 692, 693 [2013]; *see generally Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, appearing pro se, commenced this action in November 2010 for a divorce and ancillary relief against the defendant. The parties proceeded to trial in June 2012, and in a decision dated July 19, 2012, the Supreme Court determined that the defendant was entitled to, inter alia, lifetime spousal maintenance of $350 per month. In September 2012, the defendant's assigned counsel moved, pursuant to Domestic Relations Law § 237 (a), for an award of attorney's fees on the ground that the plaintiff was the monied spouse and that he had been recalcitrant during this action. In her affirmation, defense counsel noted that, prior to making this motion, she had received from the plaintiff what appeared to be a copy of a

1988 judgment of divorce indicating that the parties were divorced in 1988. However, the defendant did not move for sanctions against the plaintiff on the ground that the plaintiff's commencement of this action was frivolous.

Thereafter, the plaintiff cross-moved to discontinue or dismiss the action based on the 1988 judgment of divorce, and the defendant, without disputing the validity of the 1988 judgment of divorce, opposed the cross motion. In his cross motion, the plaintiff asserted that he had been unaware of the 1988 judgment of divorce until September 2012, but did not detail how he became aware of that judgment. He further asserted that the defendant, who had been the plaintiff in the 1988 divorce action, never informed the court of the 1988 divorce judgment. In opposing the plaintiff's cross motion, the defendant admitted in an affidavit that she had initiated a separation or divorce proceeding in 1988, but was unaware that it had concluded in a divorce judgment. She further questioned the timing of the plaintiff's disclosure of the 1988 divorce judgment until after the July 2012 trial decision, which determined that she was entitled to, inter alia, lifetime spousal maintenance. The Supreme Court granted the plaintiff's cross motion and, sua sponte, imposed sanctions against the plaintiff in the sum of $7,500 for his frivolous conduct in commencing this action because he knew or should have known of the 1988 divorce judgment.

Since the defendant had moved for an award of attorney's fees pursuant to Domestic Relations Law § 237 (a), and did not move for sanctions against the plaintiff, the Supreme Court erred in failing to provide the plaintiff with a "reasonable opportunity to be heard" before it, sua sponte, imposed sanctions against him (22 NYCRR 130-1.1 [d]; *see Hines v RAP Realty Corp.*, 254 AD2d 330, 331 [1998]; *Landes v Landes*, 248 AD2d 268 [1998]; *Deeb v Tougher Indus.*, 216 AD2d 667, 668 [1995]; *cf. Degtiarev v Delecia-Kenny*, 105 AD3d 691, 692 [2013]). Therefore, the sanctions must be vacated (*see Singh v North Shore Univ. Hosp.*, 76 AD3d 1004, 1006 [2010]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.