(July 29, 2015)

■ EDWARD ANDREW, as Parent and Natural Guardian of MICHAEL ANDREW, an Infant, Plaintiff/Third-Party Defendant-Respondent, v HALEH KERENDIAN, Defendant/Third-Party Plaintiff. DAWN ANDREW, Third-Party Defendant-Respondent; SEAN SABETI, P.C., Nonparty Appellant. [13 NYS3d 847]—In an action to recover damages for personal injuries, nonparty Sean Sabeti, P.C., appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated October 31, 2013, which, on its own motion, after a hearing, determined that the defendant/third-party plaintiff and her counsel, Sean Sabeti, P.C., had engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1, in effect, awarded the third-party defendants Edward Andrew and Dawn Andrew an attorney's fee in the principal sum of $4,000, payable by the defendant/third-party plaintiff, and directed Sean Sabeti, P.C., to pay a sanction in the sum of $4,000 to the Lawyers' Fund for Client Protection.

Ordered that the appeal from so much of the order as determined that the defendant/third-party plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 and, in effect, awarded the third-party defendants Edward Andrew and Dawn Andrew an attorney's fee in the principal sum of $4,000, payable by the defendant/third-party plaintiff, is dismissed, as the nonparty appellant is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as determined that Sean Sabeti, P.C., engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 and directed Sean Sabeti, P.C., to pay a sanction in the sum of $4,000 to the Lawyers' Fund for Client Protection is deemed to be an application for leave to appeal

from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to Edward Andrew.

Contrary to the appellant's contention, the Supreme Court afforded it reasonable notice and opportunity to be heard on the court's motion to sanction it for frivolous conduct, and the appellant in fact made a complete record with regard to that issue (*see* 22 NYCRR 130-1.1 [d]; *Matter of Khan-Soleil v Rashad*, 111 AD3d 727 [2013]; *Degtiarev v Delecia-Kenny*, 105 AD3d 691 [2013]).

Furthermore, given the appellant's unwarranted refusal to cooperate in the substitution of counsel in order to facilitate a settlement of the main action, and the appellant's baseless opposition to a motion to sever the main action from the unrelated third-party action, the Supreme Court properly determined that the appellant's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1)-(3), and providently exercised its discretion in imposing a monetary sanction therefor (*see generally Curet v DeKalb Realty, LLC*, 127 AD3d 914 [2015]; *Mosab Constr. Corp. v Prospect Park Yeshiva, Inc.*, 124 AD3d 732 [2015]; *Degtiarev v Delecia-Kenny*, 105 AD3d 691 [2013]). Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.