■ STAFFORD GRANT, Appellant, v SHARON FRANK, Respondent. [54 NYS3d 49]—

Appeal by the plaintiff, by permission, from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated June 30, 2014. The order, insofar as appealed from, upon denying the defendant's application for an award of attorney's fees pursuant to Domestic Relations Law § 237 (a), sua sponte, awarded the defendant costs, including attorney's fees, pursuant to 22 NYCRR 130-1.1 (a), in the total sum of $55,134.23.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

In this action for a divorce and ancillary relief, the parties entered into a stipulation of settlement in which they settled all issues, with the exception of the issue of the defendant's entitlement to attorney's fees. Pursuant to the stipulation of settlement, the parties agreed that the issue of the defendant's entitlement to attorney's fees would be submitted to the Supreme Court on papers. By order dated June 30, 2014, the court denied the defendant's application for an award of attorney's fees pursuant to Domestic Relations Law § 237 (a) on the ground that she failed to submit her most recently filed tax return. However, the court, sua sponte, awarded the defendant costs, including attorney's fees, pursuant to 22 NYCRR 130-1.1 (a), in the total sum of $55,134.23, based on the plaintiff's frivolous conduct in the action.

"A court may award a party 'costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct' " (*Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 142 AD3d 1124, 1125 [2016], quoting 22 NYCRR 130-1.1 [a]). However, 22 NYCRR 130-1.1 provides that an award of costs or the imposition of sanctions may be made only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; *see Oppedisano v Oppedisano*, 138 AD3d 1080, 1080 [2016]). Here, since the defendant sought an award of attorney's fees pursuant to Domestic Relations Law § 237 (a), and not sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1, the Supreme Court erred in failing to provide the plaintiff with a reasonable opportunity to be heard before it, sua sponte, awarded the defendant costs, including attorney's fees, pursuant to 22 NYCRR 130-1.1 (a) (*see Hester v Hester*, 121 AD3d 645, 646 [2014]; *Matter of Dempsey v Arreglado*, 95 AD3d 1388, 1391 [2012]; *Landes v Landes*, 248 AD2d 268, 269 [1998]; *cf. Matter of Ruth S. [Sharon S.]*, 125 AD3d 978, 980 [2015]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.