Irina Acupuncture, P.C., as Assignee of Jazlyn Batista, Appellant, 
against
USAA Casualty Insurance Company, Respondent.




Law Offices of Ilona Finkelshteyn, P.C. (Ilona Finkelshteyn, Esq.), for appellant.
McDonnell, Adels & Klestzick, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered September 9, 2015. The order, insofar as appealed from as limited by the brief, sua sponte, awarded defense counsel costs in the sum of $1,000 and imposed upon plaintiff's counsel sanctions in the sum of $2,500.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded defense counsel costs in the sum of $1,000 and imposed upon plaintiff's counsel sanctions in the sum of $2,500 is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, and so much of the order as, sua sponte, awarded defense counsel costs in the sum of $1,000 and imposed upon plaintiff's counsel sanctions in the sum of $2,500 is vacated.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to strike the action from the trial calendar and vacate the notice of trial, or, in the alternative, to dismiss the complaint. The Civil Court, in an order entered September 9, 2015, granted the branches of defendant's motion seeking to strike the action from the trial calendar and vacate the notice of trial, and denied the branch of the motion seeking to dismiss the complaint. The court also, sua sponte, awarded defense counsel costs in the sum of $1,000 and imposed [*2]upon plaintiff's counsel sanctions in the sum of $2,500. Plaintiff appeals from so much of the order as awarded costs to defense counsel and imposed sanctions upon plaintiff's counsel. 
A court's sua sponte award of costs to, or imposition of sanctions against, a party or an attorney may be made only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; see Hester v Hester, 121 AD3d 645 [2014]; Matter of Ariola v Delaura, 51 AD3d 1389 [2008]; Hines v RAP Realty Corp., 254 AD2d 330, 331 [1998]; see also Deeb v Tougher Indus., 216 AD2d 667, 668 [1995]). As the Civil Court failed to provide such an opportunity, the order, insofar as appealed from, is reversed, and so much of the order as awarded costs in the sum of $1,000 to defense counsel and imposed sanctions in the sum of $2,500 upon plaintiff's counsel, pursuant to 22 NYCRR 130-1.1, is vacated (see Hester v Hester, 121 AD3d 645).
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 06, 2017