Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of Obunike, Norbert Ebere, Appellant,
against
Geico Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered October 23, 2015. The order denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment dismissing the complaint, and, sua sponte, awarded defense counsel $250 in "fees."




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded defense counsel $250 in "fees" is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is modified by vacating so much thereof as, sua sponte, awarded defense counsel $250 in "fees"; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). Plaintiff appeals from an order of the Civil Court which denied its motion, granted defendant's cross motion, and, sua sponte, awarded defense counsel $250 in "fees."
Contrary to plaintiff's contentions, the proof submitted by defendant in support of its cross motion was sufficient to give rise to a presumption that the EUO scheduling letters and denial of claim form had been timely mailed (see St. Vincent's Hosp. of Richmond v. Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and to demonstrate that plaintiff had failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v. Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Furthermore, defendant was not required to set forth objective reasons for requesting EUOs in order to establish its prima facie entitlement to summary judgment, as an insurer need only demonstrate "as a matter of law that it twice duly demanded an [EUO] from the [provider] . [*2]. . that the provider failed to appear and that the [insurer] issued a timely denial of the claims" (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; see Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, plaintiff has not provided any basis to disturb the Civil Court's granting of defendant's cross motion.
However, a court's sua sponte award of costs to, or imposition of sanctions against, a party or an attorney may be made only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; see Hester v Hester, 121 AD3d 645 [2014]; Matter of Ariola v Delaura, 51 AD3d 1389 [2008]; Hines v RAP Realty Corp., 254 AD2d 330, 331 [1998]; see also Deeb v Tougher Indus., 216 AD2d 667, 668 [1995]).[FN1]
As the Civil Court failed to provide such an opportunity, so much of the order as, sua sponte, awarded defense counsel $250 in "fees" is vacated (see Hester v Hester, 121 AD3d 645).

Accordingly, the order is modified by vacating so much thereof as, sua sponte, awarded defense counsel $250 in "fees."

WESTON, J.P., PESCE and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017



Footnotes

Footnote 1:It is unlikely that the Civil Court intended to award motion costs, since the court is limited to awarding an amount not in excess of $50 (see CCA 1906 [a]) and since such an award is generally made to a party in the litigation and not to counsel.