Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of Lawrence, Dottie, Appellant,
against
GEICO Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Rivkin Radler, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered October 23, 2015. The order denied plaintiff's motion for summary judgment, granted defendant's cross motion for summary judgment dismissing the complaint, and, sua sponte, awarded defense counsel $250 in "fees."




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded defense counsel $250 in "fees" is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is modified by vacating so much thereof as, sua sponte, awarded defense counsel $250 in "fees"; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. Plaintiff appeals from an order of the Civil Court which denied its motion, granted defendant's cross motion, and, sua sponte, awarded defense counsel $250 in "fees."
Contrary to plaintiff's contention, the proof submitted by defendant in support of its cross motion was sufficient to give rise to a presumption that the denial of claim form had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In support of its cross motion, defendant submitted a sworn peer review report which [*2]set forth a factual basis and medical rationale for the peer reviewer's determination that there was a lack of medical necessity for the services at issue. In opposition, plaintiff submitted an affidavit from a doctor which failed to meaningfully refer to, let alone sufficiently rebut, the conclusions set forth in the peer review report (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In view of the foregoing, and as plaintiff's remaining contention regarding defendant's cross motion lacks merit, plaintiff has not provided any basis to disturb so much of the Civil Court's order as granted defendant's cross motion.
However, a court's sua sponte award of costs to, or imposition of sanctions against, a party or an attorney may be made only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; see Hester v Hester, 121 AD3d 645 [2014]; Matter of Ariola v Delaura, 51 AD3d 1389 [2008]; Hines v RAP Realty Corp., 254 AD2d 330, 331 [1998]; see also Deeb v Tougher Indus., 216 AD2d 667, 668 [1995]).[FN1]
As the Civil Court failed to provide such an opportunity, so much of the order as, sua sponte, awarded defense counsel $250 in "fees" is vacated (see Hester v Hester, 121 AD3d 645).

Accordingly, the order is modified by vacating so much thereof as, sua sponte, awarded defense counsel $250 in "fees."

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 09, 2018



Footnotes

Footnote 1:It is unlikely that the Civil Court intended to award motion costs, since the court is limited to awarding an amount not in excess of $50 (see CCA 1906 [a]) and since such an award is generally made to a party in the litigation and not to counsel.