Plycon Transportation Group, LLC and Plycar Transportation Group, LLC, Respondents,
against
Stephen Kirschenbaum, Appellant.


Kenneth J. Falcon, Esq., for appellant.
The Weinstegin Group, P.C. (Lloyd J. Weinstein of counsel), for respondents.

Appeal from an order of the Suffolk County Court (Andrew G. Tarantino, Jr., J.), dated May 1, 2013. The order, insofar as appealed from as limited by the brief, denied the branch of defendant's motion seeking to vacate so much of an order of that court dated January 31, 2013 as, sua sponte, imposed sanctions upon defendant.
ORDERED that the order, insofar as appealed from, is reversed, without costs, the branch of defendant's motion seeking to vacate so much of the January 31, 2013 order as, sua sponte, imposed sanctions upon defendant is granted and the matter is remitted to the County Court for further proceedings in accordance with this decision and order.
Plaintiffs commenced this action to recover $11,268, alleging that they had entered into a contract with defendant to move certain of defendant's items from New York to New Mexico and that defendant had failed to pay for the services. Defendant's answer denied the material allegations of the complaint and set forth affirmative defenses claiming that defendant is entitled to a setoff for part of the amount sought in the complaint. After defendant failed to comply with a discovery order, the County Court modified that order by adding a provision that sanctions may be imposed upon a party's noncompliance. Before the compliance deadline, defendant's counsel submitted an order to show cause to be relieved as counsel because "certain difficulties [had] arisen between us and Defendant with respect to communications with Defendant" and "there is a problem litigating this matter with a Defendant who is not located within the New York area." [*2]The court signed the order to show cause, writing thereon that defendant would need to personally appear on January 31, 2013, together with his attorney, and that sanctions may be imposed for failure to comply with the prior discovery order of the court. On January 31, 2013, defendant did not appear, and the court was informed that discovery had not been completed. By order dated January 31, 2013, the County Court relieved defendant's counsel, found defendant in default for failing to appear, precluded defendant from offering into evidence any documents or other materials at trial or inquest, and imposed sanctions against defendant in the sum of $5,000 payable to plaintiffs' counsel.
Defendant filed a notice of appeal from the January 31, 2013 order and also moved by order to show cause to vacate that order except for the portion thereof which relieved defendant's counsel. Upon signing the order to show cause, the court modified the January 31, 2013 order to the extent of vacating the default against defendant. By order dated May 1, 2013, the court, among other things, directed plaintiffs "to maintain the sanctions, remitted by Defendant in satisfaction of the January 31, 2013, Order, in trust until determination of the appeal from the January 31, 2013 order."[FN1]

Defendant appeals, as limited by his brief, from so much of the May 1, 2013 order as denied the branch of his motion seeking to vacate the portion of the court's January 31, 2013 order that sua sponte imposed sanctions, arguing that the sanctions were levied in violation of CPLR 321 (c). CPLR 321 (c) provides, in relevant part, that, if an attorney is removed, "no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party." Defendant also argues that the amount of sanctions imposed was disproportionate to the amount in controversy. In response, plaintiffs argue that the 30-day stay in CPLR 321 (c) does not apply here since there was no "Death, removal or disability" of defendant's former counsel. Moreover, plaintiffs contend, the $5,000 sanction imposed was warranted.
The Appellate Division, Second Department, has held that the circumstances triggering an automatic stay under CPLR 321 (c) should be confined to "a force majeure, such as death, mental or physical incompetency, induction into military service, disqualification resulting from statute or from election to judicial office, or disqualification due to disbarment or removal by the court from the office of attorney at law or disqualification due to suspension by the court from the practice of law" (Hendry v Hilton, 283 App Div 168, 171 [1953]; see also Blondell v Malone, 91 AD2d 1201 [4th Dept 1983]; Amari v Molloy, 180 Misc 2d 664 [Sup Ct, Kings County 1999]; but see Leonard Johnson & Sons Enters. v Brighton Commons Partnership, 171 AD2d 1059 [4th Dept 1991]). Even when a stay is ordered, it is typically granted when, over his client's objection, counsel seeks leave to be relieved. Where, however, the attorney's withdrawal is caused by a voluntary act of the client, the court has the discretion to permit the matter to proceed without such a stay (see Sarlo-Pinzur v Pinzur, 59 AD3d 607 [2009]; Graco Constr. Corp. v Eves, 232 AD2d 370 [1996]). Here, defendant's counsel moved for leave to be relieved on the ground that communication with defendant was difficult, and that motion was unopposed. Under [*3]the circumstances, the County Court did not improvidently exercise its discretion in refusing to grant a stay (cf. Cuevas v Cuevas, 110 AD2d 873 [1985]).
Section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR) allows a court, on its own initiative, to impose financial sanctions against either an attorney or a party to the litigation or against both for engaging in frivolous conduct, which includes conduct that is completely without merit in law, undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another, or asserting material factual statements that are false. However, a court's sua sponte imposition of sanctions against a party or an attorney may be made only "after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]; see Hester v Hester, 121 AD3d 645 [2014]; Matter of Ariola v DeLaura, 51 AD3d 1389 [2008]; Hines v RAP Realty Corp., 254 AD2d 330 [1998]; see also Deeb v Tougher Indus., 216 AD2d 667 [1995]). Here, the County Court failed to provide defendant with an opportunity to place on the record any evidence or argument that might persuade the court that a sanction is inappropriate or that the amount assessed is not warranted.
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking to vacate so much of the January 31, 2013 order as, sua sponte, imposed sanctions is granted and the matter is remitted to the County Court for further proceedings.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018
Footnotes

Footnote 1:The action was settled by so-ordered stipulation dated August 26, 2013 and the appeal from the January 31, 2013 order was dismissed.